(No. 40222.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN H. ARMES, Appellant.

*Opinion filed June 22, 1967.*

RICHARD O. HART, of Benton, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOSEPH W. HICKMAN, State's Attorney, of Benton,

458

(FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The petitioner, John H. Armes, was convicted of forgery after a jury trial in the circuit court of Franklin County and sentenced to the penitentiary for a term of 7 to 14 years. This court, on writ of error, affirmed his conviction in 28 Ill.2d 83. Petitioner now appeals to this court from an order of the trial court denying his petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*) He contends that the delay between the return of an indictment against him and commencement of his trial on September 26, 1960, deprived him of his constitutional right to a speedy trial. It is the State's contention that the doctrines of *res judicata* or waiver preclude the petitioner from properly raising this issue here.

The petitioner did not move for discharge on the ground that he had been denied his constitutional right to a speedy trial prior to trial, at trial, nor in his post-trial motions. Nor did he present this constitutional argument in our direct review of his conviction.

The petition here was filed in the trial court on November 17, 1965. The State answered the petition after its motions to dismiss were denied by the trial court. Arguments by the public defender and the State's Attorney were heard and the court then denied the petition, from which denial the petitioner appeals.

The constitutional assurance of a speedy trial is a fundamental right of an accused which must be and which has been accorded appropriate respect by this court. (See *People* v. *Hryciuk*, 36 Ill.2d 500; *People* v. *Bryarly*, 23 Ill.2d 313.) However, the constitutional right to a speedy trial is personal to the accused and it can be waived when the question of undue delay is not presented to the trial court. We il-

lustrated this in *People* v. *Taylor*, 32 Ill.2d 165, 168, when we stated: "He [the defendant] argues that he was denied a speedy trial but we find it unnecessary to consider the merits of this claim, for the record discloses that the issue was never presented to the trial court, either by a motion prior to trial or in the post-trial motion. The claim was therefore waived and will not be considered. *People* v. *Morris*, 3 Ill.2d 437, 442." See also, *People* v. *Bonds*, 32 Ill.2d 94.

Too, it is not within the purpose of the Post-Conviction Hearing Act to have claims considered which could have been presented on a direct review of the conviction. In *People* v. *Doherty*, 36 Ill.2d 286, 291, we observed: "It has been consistently held that where there has been a review by writ of error, including the presentation of a bill of exceptions, any claim which might then have been raised, but was not, is considered waived. (*E.g., People* v. *Dolgin*, 6 Ill.2d 109, 111; *Ciucci* v. *People*, 21 Ill.2d 81, 85.)"

The defendant's failure to raise the presently advanced question in the trial court or upon direct review of his conviction by this court has declared his waiver of this question. We have said that only where fundamental fairness requires will the rule of waiver be relaxed by this court. (*People* v. *Hamby*, 32 Ill.2d 291.) The circumstances here do not prescribe such a relaxation.

The judgment of the circuit court of Franklin County is affirmed.

*Judgment affirmed.*