(No. 41993.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JERE PRICE, Appellant.

*Opinion filed January 28, 1970.*

McGRADY AND MADDEN, of Gillespie, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and THOMAS P. CARMODY, State's Attorney, of Carlinville, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Jere Price, was convicted following a jury trial in the circuit court of Macoupin County of rape and was sentenced to the Illinois State Penitentiary for a term of not less than two years and not more than nine years. The judgment of conviction was affirmed by the Appellate Court for the Fourth District (*People* v. *Price,* 96 Ill. App. 2d 86), and we denied leave to appeal. Subsequently, on October 25, 1968, the appellant filed a petition in the circuit court seeking relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1

*et seq.*). The State filed a motion to dismiss the petition, contending that claims presented in the petition were *res adjudicata* and, also, that they did not raise a constitutional question under the Illinois constitution or the constitution of the United States. After argument by counsel for the appellant and the People, the circuit court granted the motion and dismissed the petition. It is from this order of dismissal that the appellant has appealed.

We observed in *People* v. *Collins,* 39 Ill.2d 286, 288: "Dismissal of nonmeritorious petitions on motion is certainly within contemplation of the Act (see *People* v. *Cox,* 34 Ill.2d 66), and necessary to the orderly and expeditious disposition of these petitions. 'The function of the pleadings in a proceeding under the act [Post-Conviction Hearing Act] is to determine whether the petitioner is entitled to a hearing.' (*People* v. *Airmers,* 34 Ill.2d 222), and 'a post-conviction proceeding * * * is a new proceeding for purposes of inquiry into the constitutional phases of the original conviction which have not already been adjudicated.' *People* v. *Ashley,* 34 Ill.2d 402."

After a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes *res adjudicata* all issues actually decided by that court and all issues which could have been presented to that court and which were not are considered to have been waived. See *People* v. *Kamsler,* 39 Ill.2d 73, 74; *People* v. *Jennings,* 411 Ill. 21, 25.

The appellant's petition alleged that the giving of a certain instruction in his original trial was error and caused him to be deprived of his right to a jury trial and to due process. The instruction reads: "The Court instructs the jury that the State is not obligated to produce every witness to a crime and the failure to produce a witness does not give rise to a presumption that the testimony of that witness would be unfavorable to the prosecution." The appellant's argument is that he had a right to a jury trial of every

issue necessary to his conviction and that the instruction violated this right in that it assumed that a crime had been committed. This specific question was carefully considered and decided adversely to the appellant by the appellate court. (96 Ill. App. 2d at 94 and see 96 Ill. App. 2d at 98.) It was therefore *res judicata. People* v. *Clements,* 38 Ill.2d 213; *People* v. *Cox,* 34 Ill.2d 66; *People* v. *Jennings,* 411 Ill. 21. It is unnecessary to consider the People's other argument that no constitutional question was raised by the petition.

The trial court was correct in ruling that the allegations of the appellant did not require a hearing. Accordingly, the judgment of the circuit court of Macoupin County is affirmed.

*Judgment affirmed.*