(No. 42108.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LOUIS FRENCH, Appellant.

*Opinion filed September 22, 1970.*

LOUIS FRENCH, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and WILLIAM V. HOPF, State's Attorney, of Joliet, (JAMES B. ZAGEL, Assistant Attorney General, and RALPH GUST, JR., Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

This is an appeal from an order granting the motion of the State to dismiss Louis French's amended petition under the Illinois Post-Conviction Hearing Act.

The appellant, Louis French, was found guilty of armed robbery by a jury verdict on May 27, 1965, in the circuit court of Du Page County, and was sentenced to a term of not less than 5 nor more than 15 years in the Illinois State Penitentiary. An appeal was taken to the Appellate

Court, Second District, which affirmed the conviction (*People v. French,* 75 Ill. App. 2d 453), holding that despite defendant's contention that the State failed to prove him guilty beyond a reasonable doubt, there was more than sufficient evidence to find the defendant guilty. The appellate court further held that despite the defendant's contention that the testimony of a police sergeant, who was alleged to be an accomplice, was undeserving of credibility, it appeared that said police sergeant's testimony was corroborated by fellow police officers, and stated it was unnecessary to determine whether said police sergeant was an accomplice because the uncorroborated testimony of an accomplice was sufficient to warrant a conviction if it satisfied a jury beyond a reasonable doubt. The appellate court decision further held that the trial judge did not unduly restrict cross-examination of the police sergeant who was alleged to have been an accomplice. The court found that, had the trial court permitted the answers to the questions, they would have added nothing to aid the jury in its determination of the credibility or weight given to the police sergeant's testimony. Defendant's petition for leave to appeal said appellate court decision was denied by this court.

In April of 1968, the defendant filed a petition under the Post-Conviction Hearing Act *pro se.* Said petition was amended *pro se* in May of 1968, and, after the appointment and withdrawal of the assistant public defender, the defendant was represented by appointed counsel at the hearing on the State's motion to dismiss the amended petition under the Post-Conviction Hearing Act. The State's motion to dismiss the amended post-conviction petition was granted, and defendant has appealed *pro se* to this court alleging in a lengthy brief that his arrest was unconstitutional, that he was denied the constitutional right to a speedy trial, that he did not have a fair and impartial trial, that the State used perjured testimony to gain a conviction, that the State committed acts of conspiracy, that the State committed an act

of entrapment against the defendant, that his court-appointed counsel on appeal to the appellate court was incompetent, that *res judicata* cannot be mechanically applied, and that he was denied procedural due process on the post-conviction proceedings.

A careful examination of the defendant's amended post-conviction petition and brief herein reveals that the trial court at the post-conviction hearing correctly determined that no question of constitutional dimension was raised that was not rendered *res judicata* by the prior appeal from defendant's conviction. This court has consistently held that where an appeal was taken from a conviction, the judgment of the reviewing court is *res judicata* as to all issues actually raised, and those that could have been presented but were not are deemed waived. *People* v. *Derengowski,* 44 Ill.2d 476; *People* v. *Kamsler,* 40 Ill.2d 532; *People* v. *Armes,* 37 Ill.2d 457.

Furthermore, we have previously held that allegations of statutory irregularities with reference to one's arrest and detention prior to the return of an indictment do not raise issues of constitutional magnitude to be considered under the Post-Conviction Hearing Act. *People* v. *Orndoff,* 39 Ill.2d 96.

We have previously held that an allegation of a violation of the 120-day rule in bringing a defendant to trial is not constitutional in scope. (*People* v. *Stuckey,* 34 Ill.2d 521; *People* v. *Love,* 39 Ill.2d 436.) Therefore, defendant's allegation that he was denied the constitutional right to a speedy trial because he was not tried within 120 days cannot be considered in this proceeding.

The allegation of the defendant that he was denied a fair and impartial trial as a result of the trial judge's rulings does not constitute a denial of constitutional rights, or present a question which will justify a post-conviction hearing. *People* v. *Cox,* 34 Ill.2d 66.

Defendant's contention that his court-appointed attorney

on appeal in the appellate court was incompetent was not raised in the original or amended petition at the post-conviction hearing. Section 122—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 122—3 states: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."

The post-conviction proceeding is not a device for determining guilt or innocence, but is a new proceeding for purposes of inquiry into the constitutional phases of the original conviction which have not already been adjudicated. (*People* v. *Ashley,* 34 Ill.2d 402.) The petition in the instant case does not make a substantial showing that defendant's constitutional rights have been violated, and allegations with conclusions to that effect will not suffice. *People* v. *Ashley; People* v. *Reeves,* 412 Ill. 555, 560.

After a review of the complete record, it appears that the conviction would have been affirmed by the appellate court regardless of the strategy of appellate counsel, since the proof of defendant's guilt at the jury trial in the trial court was overwhelming. Only where fundamental fairness requires, will the rule of waiver be relaxed by this court. (*People* v. *Armes,* 37 Ill.2d 457.) The circumstances in this case do not merit a relaxation of said rule of waiver here as to any of petitioner's contentions.

The defendant's contention that he was denied procedural due process at the post-conviction proceeding because the appointed counsel did not come to the prison to discuss the case with him personally, is not convincing because defendant admits that he had contact with counsel by mail on at least two or three occasions, and it appears from a review of the record that said court-appointed attorney had ascertained the basis of his complaint and had presented it to the court at the post-conviction hearing. Furthermore, defendant has failed to demonstrate any prejudice to his case as a consequence of the fact that he did not personally consult with his court-appointed attorney.

The circuit court of Du Page County properly dismissed the petition, and its judgment is affirmed.

*Judgment affirmed.*