(No. 42762.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* KING JAMES HANNON, Appellant.

*Opinion filed May 21, 1971.*

NELSON I. DUNITZ, of Chicago, (LAWRENCE S. GALKA, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In February, 1964, defendant, King James Hannon, was convicted of the crime of burglary in the circuit court of

Cook County and he was sentenced to a term of 15 to 20 years in the penitentiary. The Appellate Court affirmed this conviction in *People* v. *Hannon,* 65 Ill. App. 2d 2. On June 2, 1967, defendant's *pro se* post-conviction petition was dismissed after hearing. On appeal we reversed and remanded the cause by order, May 16, 1968, without considering the merits because of a possible conflict of interest arising out of the fact that defendant was again represented by the public defender even though the main thrust of his petition was the alleged incompetence of the public defender who had represented him at his original trial.

In compliance with our direction defendant was afforded newly appointed counsel other than from the public defender's office. A motion requesting a change of venue from the judge who sat on defendant's original trial and also on his first post-conviction hearing was filed and denied. The original petition was then amended by leave of court and after extensive arguments this petition was dismissed without an evidentiary hearing. It is from this order of dismissal that defendant now appeals.

Defendant poses two arguments: (1) that the trial judge was biased in favor of the public defender who represented defendant at his original trial, that the judge was also a potential witness, and that therefore his refusal to recuse himself and grant the motion for a change of venue was error; (2) that the record clearly demonstrates the incompetency of defendant's trial attorney.

Defendant rests his charge of bias solely upon the remarks of the judge made at the first post-conviction hearing that "he could never say" that John McDonnell, the trial counsel, was incompetent. It is argued that by using the word "never" the judge based his decision on the reputation of the attorney and that, in effect, he precluded himself from any further fair determination of the issue regardless of what the facts might reveal. We have carefully reviewed

the record on this question and it is our opinion that the word is taken out of context and that, when read in conjunction with the judge's full statement it does not have the meaning ascribed to it by defendant. Rather, the judge stated that he recognized John McDonnell as a fine lawyer, and that on the facts presented to him at the hearing, including the transcript of the original trial, he could never say that he was incompetent. Under such circumstances the use of the word "never" is a common way of expressing one's finding on the facts presented and it does not foreclose a different finding in the event additional facts are presented for consideration. As stated in *People* v. *Wilson,* 37 Ill.2d 617, the right to a change of venue in a post-conviction proceeding is not absolute, and the review of the judgment should be presented to the same judge who rendered the original judgment unless, under certain circumstances, it is shown that such judge may be biased or a potential witness. There the issue involved certain pretrial conversations between the judge himself and the defendant's attorney relative to possible sentences based on whether defendant pleaded guilty, accepted a bench trial or demanded a jury trial. We held that under such circumstances the trial judge should have recused himself because of his position as a possible material witness and his personal knowledge of the truth or falsity of the allegations. Such circumstances are not present in the case before us and we find the evidence presented is wholly insufficient to show bias on the part of the trial judge.

Apart from bias defendant also contends that the trial judge was a possible witness concerning the *voir dire* examination of jurors at the original trial. This contention is now made in spite of the fact that during argument in the post-conviction hearing counsel specifically stated that he was making no contention that the judge would be a material witness. Certainly error cannot be predicated upon

failure of a court to grant a change of venue for a reason which was specifically disclaimed when the matter was presented to him. In any event, we have given consideration to the contention and find it without merit, as will appear in later portions of this opinion.

The balance of defendant's argument is directed towards the alleged incompetency of trial counsel. In testing a claim that a defendant has been denied his constitutional right of trial through incompetency of counsel we have frequently held that a defendant must clearly establish not only actual incompetence of counsel as reflected by the manner of carrying out his duties as a trial attorney, but also that substantial prejudice resulted therefrom, without which the outcome would probably have been different. *People* v. *Hill,* 44 Ill.2d 299; *People* v. *Morris,* 3 Ill.2d 437.

In his brief defendant makes the general assertion that the record reveals substantial constitutional violations clearly supporting his allegation of substandard representations. He then proceeds to argue the following specifics which by their very nature establish their own inadequacy. He argues that the entire panel of jurors was examined, accepted, and sworn in a single morning, that as a result defendant received a "fast" or "quickie" jury, and that a minimal standard of competent counsel should prohibit "fast" or "quickie" juries. From these statements, without any record of the *voir dire* examination, without any supporting affidavits or even any allusions as to what occurred, he asks that it be assumed that something dire occurred and that incompetency of counsel was the cause. This is the purest form of conjecture, and under no circumstances can conjecture constitute the sole basis for a claim of prejudice. (*People* v. *Gonzales,* 40 Ill.2d 233.) It was also on the question of the *voir dire* examination of jurors that defendant based his contention that the trial judge might be a potential witness at the post-conviction proceeding and that therefore he should have recused himself. It is obvious that this claim

too was purely speculative and formed no basis for a finding that the judge would actually be a material witness.

Next, defendant argues that in his opening statement the State's Attorney acknowledged a familiarity with some of the jurors and that based thereon minimal standards of competency required that defendant's counsel should have excused such jurors during *voir dire*, or at least should have moved for a mistrial when such jurors became known. It may be noted first that familiarity or acquaintanceship of a prosecuting attorney with a juror is not a bar to his service. (*People* v. *Harris*, 38 Ill.2d 552.) The determining issue is whether the juror will be unbiased and open minded in his consideration of the case. Here there is no indication or claim that the jurors could not fairly consider the case as presented to them—only the bare assumption that they could not. Defendant categorically states that jurors who have prior jury experience in a case in which the prosecutor has participated should *never* be accepted unless the defense lawyer knows that the prior verdict was favorable to the defense. This is a matter of opinion and one who may disagree in whole or in part depending upon the individual circumstances presented to him at the time is not necessarily incompetent. In any event, no attempt has been made to show any resulting prejudice or even to deny that defendant was tried by a fair and impartial jury. We find no merit in defendant's contention as to incompetency of counsel and hold that the trial court's dismissal of defendant's post-conviction petition was proper.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*