THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* GERALD JENKINS, Petitioner-Appellant.

(No. 56460;

First District (3rd Division)—April 19, 1973.

Douglas M. Branson, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and William D. Wolter, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Gerald Jenkins and Willie Clark were found guilty by a jury of the crime of burglary. Jenkins was sentenced to the penitentiary for a term of 15 to 25 years; Clark for a term of 10 to 20 years. The convictions were appealed and affirmed. (*People v. Clark* (1966), 78 Ill.App.2d 336, 223 N.E.2d 272.) Jenkins thereafter filed a *pro se* petition under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1, *et seq.*) Counsel was appointed for him and an amended petition was filed. A hearing was held on the State's motion to dismiss the amended petition; after hearing the arguments of counsel the trial court denied the petition on its merits.

The defendant's amended petition questioned three aspects of his trial: the adequacy of his representation, the final argument of the State and the conduct of the judge. He charged that his trial attorney was incompetent; that the prosecutor's final argument was prejudicial, and that the trial judge improperly presided over the trial by incorrectly advising prospective jurors as to the presumption of innocence, by becoming an advocate for the State during the opening argument of the defense and by curtailing cross-examination of the State's witnesses.

In its motion to dismiss the petition the State asserted that: the defendant's allegations failed to raise any constitutional questions within the purview of the Post-Conviction Act; the allegations which in their broadest sense might have raised such questions were unsupported and thus were insufficient to require a hearing, and the doctrine of res

judicata was applicable because of the direct appeal. A copy of the opinion in *People v. Clark* was appended to the motion.

■■ Jenkins advances three contentions in this appeal. The first of these concerns the propriety of remarks made by the court at the original trial. This contention could have been raised in the prior appellate review of his conviction but was not. Under this circumstance, the issues actually raised on appeal are res judicata. Issues that could have been raised and were not are considered waived. (*People v. French* (1970), 46 Ill.2d 104, 262 N.E.2d 901; *People v. Derengowski* (1970), 44 Ill.2d 476, 256 N.E.2d 455; *People v. McCarroll* (1973), 10 Ill.App.3d 249, 294 N.E.2d 52.) Fundamental fairness may sometimes require a relaxation of the waiver rule (*People v. Armes* (1967), 37 Ill. 2d 457, 227 N.E.2d 745; *People v. Hamby* (1965), 32 Ill.2d 291, 205 N.E.2d 456); however, the comments complained about, although not always the most fitting examples of judicial restraint, do not warrant such relaxation.

The second and third contentions concern the post-conviction proceeding itself: the defendant was not afforded a full and fair hearing and he was denied due process because the same judge who presided at the trial ruled on his post-conviction petition.

■■ We find no merit in the defendant's contention that he was not afforded a full and fair hearing. All of the defendant's post-conviction claims—incompetency of his trial attorney, improper conduct of the court and prejudicial closing argument by the prosecutor—were barred by the applicability of res judicata and waiver. His counsel argued capably and was in fact complimented upon his thoroughness. But, since no new matter beyond the record was brought to the court's attention and no justification was given for not having raised the issues in the prior appeal, the allegations of the petition did not necessitate an evidentiary hearing. The petition was properly denied.

■■ The defendant's final contention questions the general principle of Illinois law that in the absence of a showing of substantial prejudice, the post-conviction petition should be heard by the same judge who rendered the original judgment. (*People v. Mamolella* (1969), 42 Ill.2d 69, 245 N.E.2d 485.) First of all, Jenkins neither made a motion for a change of venue nor filed a petition requesting assignment to another judge. Second, even if the relief were requested, it is evident that it was not necessary to have a different judge preside at the hearing.

■■ The right of a change of venue in a post-conviction proceeding is not absolute. (*People v. Newell* (1968), 41 Ill.2d 329, 243 N.E.2d 200; *People v. Wilson* (1967), 37 Ill.2d 617, 230 N.E.2d 194.) However, in certain circumstances a trial judge should disqualify himself if it appears that he may be biased or may be a potential witness to events outside of

the record. (*People v. Williams* (1970), 47 Ill.2d 1, 264 N.E.2d 697.) The trial record does not reveal bias on the part of the judge nor the likelihood that he would be a witness in a subsequent hearing. Thus, it was not improper for him to preside over the post-conviction hearing.

The order is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.