THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* LOUIS JOHNSON, Petitioner-Appellant.

(No. 58019; ■■■■■■■■

First District (4th Division)—November 28, 1973.

John J. Arado, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and James B. Schreier, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from a dismissal by the Circuit Court of a post-conviction petition filed by Louis Johnson pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122 *et seq.*). It stems from the defendant's conviction by a jury in 1967 for the sale of heroin, a narcotic drug. The defendant was sentenced to serve ten to 13 years in the penitentiary. An appeal was taken from that conviction to this court and the conviction was affirmed in 1969 in an opinion reported in 110 Ill.App.2d 292, 249, N.E.2d 194. The appeal now before us from the dismissal of the post-conviction petition was first filed in the Supreme Court of Illinois and then transferred here by that court pursuant to amended Supreme Court Rule 651 (a). Ill. Rev. Stat. 1971, ch. 110A, par. 651(a), as amended effective July 1, 1971.

In this appeal the defendant contends that his conviction should be

set aside and a new trial granted because the representation he received from the public defender at trial was inadequate and ineffective, resulting in a deprivation of his right to counsel guaranteed him by both the Illinois and United States Constitution. He asserts that this issue is properly raised in a proceeding under the Post-Conviction Hearing Act and that the previous decision of this court affirming his conviction on direct appeal does not now bar a consideration of the issue raised in the present appeal under the principles of res judicata or waiver.

The facts leading up to defendant's conviction, including those relating to the public defender's trial behavior which form the basis of defendant's post-conviction appeal, are set out in detail in our previous decision on direct appeal. (*People v. Johnson*, 110 Ill.App.2d 292, 293-98, 249 N.E.2d 194, 195-97.) We will briefly summarize those pertinent here. The defendant was charged with the sale of heroin to one Margaret O'Neal, also known as Lula Reed, a paid police informer. Two arresting police officers personally observed the transaction and testified thereto. The informer, who the State claimed had since died, did not testify. At the close of the State's case, a document purporting to be the death certificate of the informer was received into evidence.

Over a period of some months, from January 1967, when the case was first called for trial until April 1967, when the trial was actually commenced, the public defender behaved inconsistently regarding his desire to secure information about the informer. He at first responded ready for trial on two occasions, then orally moved that the State produce the informer. The prosecutor responded that the informer had died, whereupon the public defendant asked for proof of death and proof that the deceased was in fact the informer. The court directed the State to disclose the name and last known address of the informer. Even though the State failed to respond satisfactorily to the public defender's motion, he again answered ready for trial on the next few court dates. On a subsequent occasion he finally requested the State to comply with the court's order, indicating his inability to prepare a defense without the information. The case was again continued and at the next court date he first answered ready for trial, then demanded compliance with the order. The court commented that the public defender inconsistently answered ready for trial and at the same time requested information about the alleged informer. The public defender responded, "I don't believe giving the name or not giving the name has any effect on our ability to be ready for trial."

The case finally came to trial on April 25, 1967. After a jury was sworn and some preliminary motions were made and ruled on by the court, the prosecutor divulged the real name and last known address

of the informer, and stated that she was dead. The public defender then requested a two week continuance "for purposes of checking with the coroner's office to see if this person has existed, to see if this person died." The alleged abuse of discretion by the court in denying this motion for a continuance was the subject of the previous direct appeal before this court, and we rejected defendant's claim there.

The defendant now maintains in post-conviction proceedings that, based on the foregoing behavior of his counsel, his representation was inadequate and ineffective, depriving him of his right to counsel guaranteed by both the Illinois and United States Constitution. He argues that his counsel continuously answered ready for trial even though the State had not responded to his motion to produce the name of the informer. He also notes that his counsel made inconsistent statements to the court, first indicating his inability to prepare a defense without the name of the informer and then stating that having or not having the name of the informer would not affect his readiness for trial.

■■ It is well settled that the remedy under the Post-Conviction Hearing Act is limited to constitutional issues and does not provide an opportunity for redetermination of the guilt or innocence of a defendant. Furthermore, it is not within the view of the Act to have claims determined which could have been presented upon a direct review of the conviction. (*People v. French,* 46 Ill.2d 104, 262 N.E.2d 901, *cert. denied,* 400 U.S. 1024; *People v. Derengowski,* 44 Ill.2d 476, 256 N.E.2d 455; *People v. Doherty,* 36 Ill.2d 286, 222 N.E.2d 501.)

■■ In the direct appeal the defendant ineffectively contended that he was denied due process of law when the court did not require the State to produce the real name of the alleged informer prior to trial and denied defense counsel's motion for a continuance. The contention presently advanced to us of ineffective counsel could have been raised in the direct appeal, but was not. As a result we consider the issue waived. As stated in *People v. French,* "the judgment of the reviewing court [on direct appeal] is res judicata as to all issues actually raised, and those that could have been presented but were not are deemed waived." 46 Ill.2d at 107, 262 N.E.2d at 903.

■■ We note, however, that practical considerations suggest a limitation an defendant's ability to have urged the issue of inadequacy of representation by the public defender on direct appeal. This lies in the fact that the public defender's office also represented the defendant in that appeal. In view of this, we choose to comment on the merit of defendant's contention.

The lengthy record of the trial proceedings in no way indicates that the defendant received anything but a vigorous, effective, and informed

defense on the charge of sale of heroin. But the State's evidence was compelling. As noted in our previous decision on direct appeal, "the State did not rely on the testimony of the informer. Experienced officers closely observed every movement of the defendant and informant on two separate occasions and it was upon their testimony that the defendant was found guilty." *People v. Johnson*, 110 Ill.App.2d 292, 300, 249 N.E.2d 194, 198. The public defender extensively cross-examined these two occurrence witnesses.

■■ As stated in *People v. Georgev*, 38 Ill.2d 165, 169, 230 N.E.2d 851, 854:

> " 'The question of whether a defendant was adequately represented by competent counsel must be answered solely from the circumstances of each particular case [citation]; and in order to sustain his position the defendant must clearly establish actual incompetency of counsel and substantial prejudice resulting therefrom, without which the outcome would probably have been different. [Citation.]' "

In view of the overwhelming evidence presented at defendant's trial, we are not inclined to agree that the pretrial behavior of the public defender amounted to actual incompetency or was crucial to the final outcome of the case. Under the circumstances of this case, we do not feel the defendant was denied effective assistance of counsel as contended in his post-conviction petition.

For these reasons the dismissal of the post-conviction petition is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.