THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALLEN SPICER *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 62201

Opinion filed September 14, 1976.

James J. Doherty, Public Defender, of Chicago (James L. Rhodes, Assistant Public Defender, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Renee G. Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Petitioners Allen Spicer and Douglas Streeter were found guilty of murder in the circuit court of Cook County, Spicer by jury verdict and Streeter by court finding. On direct appeal to this court both convictions were affirmed. (*People v. Anderson* (1st Dist. 1973), 14 Ill. App. 3d 925, 303 N.E.2d 793.) Petitioners subsequently filed a petition for post-conviction relief, which was dismissed pursuant to the State's motion. They now appeal contending that the dismissal of their petition without an evidentiary hearing was improper.

Because the facts of the original case were fully discussed in *People v. Anderson,* they will not be repeated except where necessary to understand the present appeal. Petitioners allege in the petition that an evidentiary hearing should have been held because (1) their convictions were obtained by the use of perjured testimony; (2) the State deliberately withheld evidence favorable to them; (3) the State suppressed evidence by threatening a potential defense witness; and (4) petitioner Spicer was denied effective assistance of adequate counsel at the trial. In support of these allegations, petitioners present affidavits from Anna Langford (Streeter's trial counsel), Charles Buchholz (Cook County Public Defender office investigator), Delores Long (Spicer's mother), Michael Lavin (counsel for Benjamin Smothers, co-defendant at the trial and key witness for the State), and petitioners themselves.

## I.

Petitioners contend that they were denied their rights to due process because the State elicited allegedly perjurious testimony from its

key witness, Benjamin Smothers. The petition alleges that although Smothers testified he was offered consideration by the State for his testimony, on cross-examination he denied that the State had made any promises or offered any deals. The assistant State's attorney argued to the jury that no deal had been offered to Smothers and made the same argument to the court on Streeter's motion for a new trial. Petitioners claim, however, that a deal had been offered prior to trial that the murder indictment pending against Smothers would be dropped following the sentencing of petitioners and the other co-defendants. To support this claim, they refer us to the affidavit of Michael Lavin. In his affidavit, sworn to on January 3, 1975, Lavin specifically states that he met with the assistant State's attorney Virgilio, that as a result of such conference, his client, Smothers, had been offered such a deal by Virgilio, and that through Lavin, Smothers knew of, understood, and agreed to the deal.

It appears from the record that both Virgilio and Langford, Streeter's trial counsel, were aware that Smothers' testimony was incomplete; yet neither took steps to clarify or eradicate the alleged perjury. When Langford presented Streeter's motion for a new trial, she informed the trial court of the purported deal, but that claim was never pursued in the direct appeal. Evidently no effort was made to secure Lavin's affidavit until petitioners sought post-conviction relief. The Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*) was not intended to provide a method of presenting issues which might have been raised on appeal but were not. (*People v. McCracken* (1969), 43 Ill. 2d 153, 155, 251 N.E.2d 212.) Further, issues not properly preserved for review are generally deemed waived. (*People v. Ward* (1971), 48 Ill. 2d 117, 121, 268 N.E.2d 692, *cert. denied* (1971), 404 U.S. 849, 30 L. Ed. 2d 87, 92 S. Ct. 155.) In this case, however, Smothers' credibility was a critical issue at trial and could have been instrumental in petitioners' convictions. (*Cf. People v. Somerville* (1969), 42 Ill. 2d 1, 11-12, 245 N.E.2d 461.) Where fundamental fairness so requires, the usual rule of waiver may be relaxed. *People v. Weaver* (1970), 45 Ill. 2d 136, 138, 256 N.E.2d 816; *People v. Hamby* (1965), 32 Ill. 2d 291, 294, 205 N.E.2d 456.

Under some circumstances a witness's credibility may affect an accused's right to due process. (*Napue v. Illinois* (1959), 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173, *Giglio v. United States* (1972), 405 U.S. 150, 31 L. Ed. 2d 104, 92 S. Ct. 763.) In *Napue* the defendant's conviction was reversed where a prosecution witness testified that the State had made no offers of consideration to him; yet the witness, who was an alleged accomplice of the defendant, had been offered consideration, and the prosecutor knew of it when the witness lied on the stand. *Napue* was extended in *Giglio* to a situation where the particular prosecutor did not

even know of the offer made by another prosecutor in the same office. Furthermore, the State has a duty to disclose to the jury false testimony supplied by one of its witnesses. (*People v. Bolton* (3rd Dist. 1973), 10 Ill. App. 3d 902, 908, 295 N.E.2d 11.) If petitioners' allegation in the case at bar is substantiated, that jury should have been informed that Smothers was testifying with the understanding that petitioners' conviction could mean his own release.

From the record before us we are unable to determine if perjury was committed; however, fundamental fairness to petitioners requires an evidentiary hearing on this issue only. If available, Virgilio, Lavin, and Smothers should testify for complete and final resolution of the matter.

II.

■■ Petitioners also contend that an evidentiary hearing should have been held on their allegations of the State's intimidation of a potential witness, the State's failure to turn over favorable evidence, and Spicer's denial of adequate counsel. However, petitioners' direct appeal invokes the general rules of *res judicata* and waiver. Where an appeal is taken from a judgment of conviction, the judgment of a reviewing court is *res judicata* as to all issues actually raised; and those issues that could have been presented, but were not, are deemed waived. *People v. Adams* (1972), 52 Ill. 2d 224, 225, 287 N.E.2d 695; *People v. Ikerd* (1970), 47 Ill. 2d 211, 214, 265 N.E.2d 120; *People v. French* (1970), 46 Ill. 2d 104, 107, 262 N.E.2d 901, *cert. denied* (1971), 400 U.S. 1024, 27 L. Ed. 2d 636, 91 S. Ct. 590; *People v. Beckham* (1970), 46 Ill. 2d 569, 571, 264 N.E.2d 149; *People v. Kamsler* (1968), 40 Ill. 2d 532, 533, 240 N.E.2d 590, *cert. denied* (1969), 394 U.S. 911, 22 L. Ed. 2d 224, 89 S. Ct. 1027, *rehearing denied* (1969), 394 U.S. 967, 22 L. Ed. 2d 571, 89 S. Ct. 1313.

A.

Petitioners claim that the State suppressed evidence favorable to the defense by intimidating and harassing Mrs. Ineary Liddell, the deceased's mother. Mrs. Liddell, erroneously referred to as Mrs. Strong at trial and on appeal, told Streeter's attorney Langford that she wished to testify because Smothers' testimony had been false. After the State's interview with Mrs. Liddell, she no longer wished to testify because she feared that she might incriminate herself on a pending weapons charge. Upon the court's inquiry, the various State's attorneys said that they had told Mrs. Liddell that the choice to testify was hers. On appeal this court held that the trial court's decision to accede to her wishes was harmless error. (*People v. Anderson* (1st Dist. 1973), 14 Ill. App. 3d 925, 930-31, 303 N.E.2d 793.) Petitioners claim, however, that at that time neither the trial court, nor this court, knew that an assistant State's attorney had in fact

intimidated Mrs. Liddell. According to Langford's affidavit, Virgilio stated that he had told Mrs. Liddell that the choice was hers but if she did testify he would ask her questions about the weapons charge.

Since Langford knew of the alleged intimidation at the time of trial, petitioners could have preserved the error for our review in their direct appeal. Well settled principles of *res judicata* bar this argument now. Post-conviction proceedings are not intended to be used as a device to obtain further consideration of claims of denial of constitutional rights where the claims were or could have been raised previously. *People v. Ward* (1971), 48 Ill. 2d 117, 121, 268 N.E.2d 692, *cert. denied* (1971), 404 U.S. 849, 30 L. Ed. 2d 87, 92 S. Ct. 155; *People v. Price* (1970), 44 Ill. 2d 332, 333, 255 N.E.2d 395; *People v. Hill* (1968), 39 Ill. 2d 61, 63, 233 N.E.2d 546.

## B.

■■ Petitioners also claim that the State failed to turn over favorable evidence in its possession despite petitioners' written discovery motion. The motion had specifically requested the production of any statement, oral or written, by State's witnesses that may have been reduced to writing; all police reports pertinent to the case; and the names and addresses of individuals who would be favorable to the defense. The affidavit by Spicer's mother recites that she read a document in the Audy Home which she believed was a statement by Marvin Nolan indicating that Smothers, rather than Spicer or co-defendant Anderson, enticed the deceased off a porch prior to his death. Although the State included Nolan's name in its list of witnesses, petitioners maintain that the State was under a duty to disclose the exculpatory statement.

Not only have petitioners failed to show such a statement existing and available, their petition and affidavits make clear that this claim of error could have been raised in the direct appeal. Nolan was named in the State's list of witnesses and presumably could have been interviewed by the petitioners. The affidavits by Spicer and his mother state that their efforts to secure the purported statement began when Spicer's mother first read it, the day of Spicer's arrest. Failure to raise this issue any time in the intervening seven years has certainly resulted in its waiver. *People v. Derengowski* (1970), 44 Ill. 2d 476, 479, 256 N.E.2d 455; *People v. Armes* (1967), 37 Ill. 2d 457, 459, 227 N.E.2d 745; *People v. Agnello* (1966), 35 Ill. 2d 611, 613, 221 N.E.2d 658.

## C.

The final allegation of constitutional violation relates only to Spicer, who asserts that he was denied the right to effective assistance of counsel. Petitioner Spicer contends that his attorney failed to procure the Nolan

statement, failed to object in court as to his inability to procure the statement, failed to rebut a crucial portion of Smothers' testimony, and failed to adequately cross-examine key witnesses.

■■■ A post-conviction petition must do more than catalogue failures of counsel; the petition must show that without the substantial prejudice, the outcome of the trial would probably have been different. (*People v. Hannon* (1971), 48 Ill. 2d 462, 466, 273 N.E.2d 9; *People v. Browry* (1st Dist. 1972), 8 Ill. App. 3d 599, 605, 290 N.E.2d 650.) Allegations which amount to conclusions are insufficient to require an evidentiary hearing. (*People v. Heaven* (1970), 44 Ill. 2d 249, 251, 255 N.E.2d 436; *People v. Arbuckle* (1969), 42 Ill. 2d 177, 179, 246 N.E.2d 240.) Further, counsel will not be charged with incompetence for failure to introduce evidence not shown to be existing and available. (*People v. Ashley* (1966), 34 Ill. 2d 402, 412, 216 N.E.2d 126.) Most importantly, a claim of inadequate representation should be raised on immediate appeal in order to avoid the usual waiver rule. (See *People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461.) The issue has been waived.

### III.

Petitioners request not only an evidentiary hearing on the petition but, in the alternative, they urge that their convictions be reversed and the cause remanded for a new trial. They contend that *People v. Butler* (5th Dist. 1974), 23 Ill. App. 3d 108, 318 N.E.2d 680, is an analogous case and is precedent for this relief. We think that *Butler* is clearly distinguishable from the case at bar. The court there adopted its unusual procedure because the cumulative effect of a multitude of errors corroborated by the trial court record compelled the court to conclude that Butler was denied his constitutional right to a fair trial.

■■ As we have reiterated, most of petitioners' arguments in this case have been or could have been adjudicated in their prior direct appeal. Reversal of their convictions and remandment for a new trial is not mandated by *Butler*. In fact, the allegations of error here pale when viewed against those in *Butler*. Consequently, we have considered only the propriety of an evidentiary hearing on the alleged perjury issue. We hold that only this alleged denial of constitutional rights warrants a hearing under the "fundamental fairness" exception to the doctrine of *res judicata*. We, therefore, reverse the order dismissing the post-conviction petition and remand the cause for an evidentiary hearing on the allegation of perjury only.

Reversed and remanded with directions.

STAMOS, P. J., and JIGANTI, J., concur.