THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ULYSSES MURPHY, Defendant-Appellant.

First District (2nd Division)   No. 62686

Opinion filed February 15, 1977.—Rehearing denied April 25, 1977.

Thomas P. Cernek, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant, Ulysses Murphy, was indicted for murder, found guilty by

a jury and sentenced to 15-30 years in the State penitentiary. The conviction was appealed and affirmed. (*People v. Murphy* (1st Dist. 1974), 17 Ill. App. 3d 482, 308 N.E.2d 235.) Murphy thereafter sought post-conviction relief (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*), but the trial court, after hearing argument, dismissed his petition without conducting an evidentiary hearing.

Defendant advances the following contentions in this appeal of the dismissal of his post-conviction petition: (1) that his oral and written statements made at the police station should have been adjudged inadmissible because the State failed to comply with section 2(1) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, par. 703—2(1)) which requires the police, upon taking a minor into custody, immediately to make a reasonable effort to contact the juvenile's parents and to summon a youth officer; (2) that he was denied a fair and proper hearing on his motion to suppress these statements because the court improperly placed upon him the burden of demonstrating that the statements were involuntary and because the court erroneously allowed into evidence testimony by two police officers to the effect that he had been arrested for two prior, unrelated crimes; (3) that prior to his transfer from the juvenile division to the criminal division of the circuit court, he was denied a fair removal hearing because the State introduced a transfer petition which alleged that he had six previous referrals to the court for violations of criminal statutes; (4) that he was denied a fair trial when one of the prosecutors directed prejudicial remarks toward his defense counsel during a sidebar conference and when the court allowed the trial to be conducted in a disorderly fashion; (5) that the court erroneously prevented the jury from making an independent assessment of the veracity of the State's eyewitnesses by denying defense counsel an opportunity to cross-examine these witnesses in the presence of the jury; and (6) that the failure of the State to give to the defense the second page of a three-page police report, pursuant to discovery, effectively prevented defendant's receiving a fair trial since the missing page contained names and addresses of eyewitnesses.

■■ A proceeding under the Post-Conviction Hearing Act is not a device for the redetermination of the guilt or innocence of a particular defendant; it is a new proceeding for purposes of inquiry into the constitutional phases of the original conviction which have not already been adjudicated. (*People v. French* (1970), 46 Ill. 2d 104, 108, 262 N.E.2d 901; *People v. Ashley* (1966), 34 Ill. 2d 402, 216 N.E.2d 126.) Consequently it has consistently been held that when an appeal is taken from a conviction, the judgment of the reviewing court is *res judicata* as to all issues actually raised in said review proceeding, and those issues that could have been and were not raised in such review proceeding are

deemed waived. (*People v. French; People v. Derengowski* (1970), 44 Ill. 2d 476, 479, 256 N.E.2d 455.) Only where required by fundamental fairness will the waiver rule be relaxed. *People v. Armes* (1967), 37 Ill. 2d 457, 227 N.E.2d 745; *People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456; *People v. Jenkins* (1st Dist. 1973), 11 Ill. App. 3d 690, 297 N.E.2d 279.

Murphy's first contention, the failure of the police immediately to notify his parents, was specifically raised in the direct appeal of his conviction, was reviewed by this court and was decided against him. The reassertion of this same claim, therefore, in his petition for post-conviction relief is barred by *res judicata.*

■■ Similarly, Murphy's second, third, fourth and fifth contentions are waived since although he could have raised these issues in his direct appeal, he failed so to do. After careful examination of the record, we are of the opinion that none of the aforementioned contentions warrant a relaxation of the waiver rule.

We do not think that as to these five issues a hearing was necessary on the post-conviction petition. This leaves only the defendant's sixth contention for our consideration

Murphy asserts that he was prejudicially denied the benefit of relevant and material eyewitness testimony because the State failed to produce a page of a police report which contained the name and address of an unknown eyewitness in addition to the investigating police officer's recollection of this witness' observations subsequent to the murder. The State argues that defendant suffered no prejudice as a result of this nonproduction because the missing page contained nothing favorable or material to the preparation of defendant's case and because the name of the witness on this missing second page also appears in the list of witnesses tendered to the defense by the prosecution.

■■ The State is required to disclose to defense counsel any material or information within its possession which tends to negate the guilt of the accused as to the offense charged or which would tend to reduce his punishment therefor. (Ill. Rev. Stat. 1971, ch. 110A, par. 412(c).) Failure to produce such evidence upon request results in a violation of the defendant's right to due process irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194; *People v. Hoffman* (1965), 32 Ill. 2d 96, 203 N.E.2d 873.

The missing second page contained the following information: The witness and his brother were walking near the location of the murder when they heard a shot. Immediately thereafter they saw two individuals. The witness recognized one person, who was not the defendant, and indicated that he would be able to identify the other.

However, after a thorough search of the record, we have been unable

to determine whether defendant was aware that the second page of the police report was missing at the time he appealed his conviction.

If defendant had knowledge of the incomplete report at the time of his direct appeal, then his sixth contention is waived because he failed to raise it in the prior review of his conviction. If defendant did not learn of the missing page and its contents until sometime after his direct appeal was filed, then he has raised a phase of his trial which has not been heretofore litigated.

■■ Accordingly, we are of the opinion that defendant should be accorded an evidentiary hearing to determine this issue. If the circuit court finds that defendant had no knowledge of the incomplete report prior to his direct appeal, then the court must also determine whether defendant's right to due process was violated by the State's failure to produce such information.

The trial court's order granting the State's motion to dismiss is reversed and the cause is remanded to the trial court to conduct a hearing consistent with the views expressed herein. Thereafter the trial court shall enter such order as is appropriate based upon the evidence at the hearing and the views expressed herein.

Reversed and remanded with directions.

DOWNING, P. J., and STAMOS, J., concur.