THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ULYSSES MURPHY, Defendant-Appellant.

First District (2nd Division)   No. 78-1644

Opinion filed October 23, 1979.—Modified on denial of rehearing December 4, 1979.

Thomas P. Cernek, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Cook County finding that defendant waived the contention raised in his post-conviction petition and thus dismissing the petition. The sole issue presented for review is whether the finding of the trial court that defendant had knowledge of an incomplete police report prior to his direct appeal and thus waived any error is contrary to the manifest weight of the evidence.

We affirm.

Defendant, Ulysses Murphy, was found guilty of murder by a jury and sentenced to a term of 15 to 30 years in the State penitentiary. On direct appeal the conviction was affirmed. (*People v. Murphy* (1974), 17 Ill. App. 3d 482, 308 N.E.2d 235.) Thereafter defendant filed a post-conviction petition (Ill. Rev. Stat. 1973, ch. 38, par. 122—2 *et seq.*) asserting six allegations of error which were not raised in his direct appeal and which allegedly resulted in a substantial denial of defendant's constitutional rights. The trial court, after hearing argument, dismissed the petition without conducting an evidentiary hearing. Defendant then appealed the order dismissing the petition. This court found that five of defendant's contentions were waived since defendant could have raised those issues in his direct appeal. (*People v. Murphy* (1977), 46 Ill. App. 3d 940, 361 N.E.2d 592.) Defendant's sixth contention was that he was denied a fair trial because the State failed to give to the defense the second page of a three-page police report. The second page contained the names of two witnesses and their statements to police about the incident. One witness, William Kelso,[1] saw two people immediately after hearing a shot, and he recognized one of the persons. The person recognized was not defendant. Defendant alleged that he did not have knowledge of the missing page until approximately two years after his trial and conviction when the issue arose in the trial of a co-indictee, Keith Williams. As to the sixth contention, this court was unable to determine from the record before it whether defendant was aware at the time he appealed his conviction that the second page of the police report had been missing. Thus this court reversed and remanded the cause for an evidentiary hearing to determine whether defendant had knowledge of the incomplete report prior to his direct appeal. This court stated:

---

[1] The record indicates that the name "William Kelson" appeared on the State's list of witnesses; William Kelso did not testify at defendant's trial.

"If defendant had knowledge of the incomplete report at the time of his direct appeal, then his sixth contention is waived because he failed to raise it in the prior review of his conviction. If defendant did not learn of the missing page and its contents until sometime after his direct appeal was filed, then he has raised a phase of his trial which has not been heretofore litigated.

Accordingly, we are of the opinion that defendant should be accorded an evidentiary hearing to determine this issue. If the circuit court finds that defendant had no knowledge of the incomplete report prior to his direct appeal, then the court must also determine whether defendant's right to due process was violated by the State's failure to produce such information." (46 Ill. App. 3d 940, 943.)

A petition for leave to appeal filed by the State was denied by the supreme court. *People v. Murphy* (1977), 66 Ill. 2d 634.

The cause was remanded to the circuit court and an evidentiary hearing was held. The State presented the testimony of James H. Williams, the attorney who had represented defendant during his jury trial. Williams testified as follows: defendant was tried jointly with a codefendant, Joe Thomas, who was represented by an attorney, Mr. Bloom. Williams was present during the entire trial and he exchanged information with Bloom. During the trial when Williams was attempting to cross-examine certain police officers, Williams became aware that page two of the police report was missing. Williams approached the bench and put on the record that he did not have the complete report. The judge stated he would not stop the trial, but he told the State to turn over the report. Williams made a note in his own file that a page of the police report was missing. Neither Williams nor Bloom had a copy of the police report in question during defendant's trial.

The State also introduced into evidence a portion of the transcript from defendant's trial, which contained a colloquy among Williams, Bloom, Assistant State's Attorney Bolon, and the court, during which Williams indicated that the police reports were incomplete. The transcript states in pertinent part:

"Mr. Bloom: I may add that Mr. Bolon has given us certain documents but no statements of these witnesses and things of that nature that he is still holding. I thought they were going to testify this afternoon, but I guess they are not. The statements of the two alleged eyewitnesses. We have not received those.

Mr. Bolon: Well, how would you know, counsel, that they exist?

Mr. Bloom: Because the boys, during the motions, stated they had them in their hands and they read them.

Mr. Bolon: And in the packet of police reports which I served on you and Mr. Williams, they were not in there, is that correct?

Mr. Bloom: No, they weren't.

Mr. Williams: And even further, that packet of police reports has a couple of pages missing."

The State also introduced an excerpt of the transcript from the trial of defendant's co-indictee, Keith Williams. Keith Williams was also represented by Mr. Bloom and was tried approximately two years after defendant. The excerpt indicates that during Williams' trial Bloom stated that he had requested the missing second page of the police report in a previous trial.

Defendant introduced into evidence an affidavit of Michael Green, the attorney who represented defendant in his direct appeal. Green stated that neither he nor defendant was aware of the incomplete police report and that the record did not contain such police report.

Based on the foregoing the trial court found that defendant had knowledge of the incomplete report prior to his direct appeal and thus defendant waived his right to raise the issue in a post-conviction petition.

■■ ■ The rule is well established that where a defendant takes a direct appeal from his conviction, the judgment of the reviewing court is res judicata as to all issues raised in that proceeding and such issues cannot be raised subsequently in a post-conviction proceeding. (*People v. French* (1970), 46 Ill. 2d 104, 107, 262 N.E.2d 901.) Further, those issues which were known from the original trial record and which could have been raised on direct appeal but were not, are deemed waived. (*French*, 46 Ill. 2d 104, 107; *People v. Carlton* (1975), 31 Ill. App. 3d 313, 314, 333 N.E.2d 596, *appeal denied* (1975), 60 Ill. 2d 598.) It is only where application of res judicata and the waiver doctrines would be manifestly inconsistent with the principles of fundamental fairness that the court will relax application of the doctrines. (*People v. Weaver* (1970), 45 Ill. 2d 136, 256 N.E.2d 816.) A reviewing court will not disturb the determination of the trial court in a post-conviction hearing unless such determination is manifestly erroneous. *People v. Bannister* (1974), 18 Ill. App. 3d 154, 157, 309 N.E.2d 279; *People v. Teague* (1973), 15 Ill. App. 3d 479, 484, 305 N.E.2d 80.

■ In the case at bar the trial court found that defendant had knowledge of the incomplete police report prior to his direct appeal and that therefore the issue was deemed waived. After reviewing the record, we conclude that the trial court's finding is not contrary to the manifest weight of the evidence. The trial record shows that defendant's trial counsel, Mr. Williams, was aware during the trial that the police report was incomplete and that statements of eyewitnesses were missing.

Further, Mr. Williams' testimony, which was not contradicted, clearly showed that he acquired knowledge of the incomplete report during the trial and he informed the court of the missing pages. Although defendant's appellate counsel stated by affidavit that he had no knowledge of the incomplete police report, defendant cannot refute the fact that the trial record contains a discussion regarding such incomplete report. Defendant argues that the trial court on remand did not understand the issue to be decided and was confused throughout the proceeding. However, the record indicates clearly that the court was not confused as to the issue. In fact, just prior to calling the first witness, the court stated:

"Let us first make a determination as to whether or not there is any evidence that the defendant had or had not knowledge of the incomplete report prior to the direct appeal.

\* \* \*

Then we must determine whether or not lacking this police report, the defendant was denied due process."

Further, defendant contends that the trial court relied solely on Williams' testimony in making its determination. However, the record refutes this contention. After Williams testified, the court stated that the transcript of the trial was very important and the petition could not be ruled on until the transcript was located and the court had an opportunity to review it. Further, the court noted that appellate counsel was not privy to Williams' trial notes and that there had to be something in the record which appellate counsel could rely on or there would be no waiver. It is evident from the record that the trial court understood the issues to be decided and considered the evidence presented. Thus, we find that the determination of the trial court was not manifestly erroneous and should not be disturbed.

Based on the foregoing we affirm the order of the circuit court of Cook County.

Affirmed.

DOWNING and HARTMAN, JJ., concur.