THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
JIMMIE FELLS, Petitioner-Appellant.

First District (5th Division) No. 1—87—0328

Opinion filed June 30, 1989.—Rehearing denied August 2, 1989.

Michael J. Pelletier and Debra R. Salinger, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Brian T. Sexton, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Petitioner Jimmie Fells appeals from dismissal of his post-conviction petition without an evidentiary hearing. In 1981, petitioner was indicted on two counts of deviate sexual assault. Represented by the public defender's office at his jury trial, petitioner was found guilty of one count of deviate sexual assault and was sentenced to 30 years' imprisonment. Petitioner appealed, alleging that the trial court erred in allowing three police officers to testify in rebuttal concerning prior occasions on which he had received *Miranda* warnings. The public defender's office was appointed to represent petitioner on direct appeal. In 1983, petitioner's conviction and sentence were affirmed by the appellate court in an unpublished Rule 23 order. *People v. Fells* (1983), 118 Ill. App. 3d 1156.

In September 1986, petitioner, represented by private counsel, filed a petition for post-conviction relief. In his petition, he alleged that his trial counsel was ineffective for not calling a psychiatrist, Dr. Albert Stipes, as a witness at a pretrial hearing on petitioner's motion to suppress his confession and statements because he had not intelligently and knowingly waived his *Miranda* warnings. A psychologist, Dr. Edward Blumstein, had testified on petitioner's behalf at the suppression hearing. The petition also claimed that appellate counsel was ineffective for failing to raise on direct appeal the ineffectiveness of trial counsel. In January 1987, a hearing was held on the State's motion to dismiss petitioner's post-conviction petition. The hearing on the motion was held before the same judge who had presided at petitioner's trial. Following arguments, the court granted the motion to dismiss without an evidentiary hearing.

Petitioner, now represented by the State Appellate Defender's office, appeals that dismissal order and alleges that his post-conviction petition asserted factually specific claims which, taken as true, established constitutional violations that required an evidentiary hearing. The State contends that petitioner has waived the issue of ineffective counsel by not raising it on direct appeal and, if not waived, his petition should have been dismissed because it contained insufficient facts to support a valid constitutional claim.

We affirm the trial court for the following reasons.

■ The post-conviction procedure (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) was adopted to give persons convicted of offenses an additional remedy to test claims that their State and Federal constitutional rights were violated in the proceedings that resulted in their convictions. (*People v. Johnson* (1978), 63 Ill. App. 3d 745.) As a general rule, issues which could have been raised on an initial appeal are deemed waived for purposes of post-conviction proceedings. (*People v. Murphy* (1979), 78 Ill. App. 3d 132.) However, it is appropriate to raise the issue of trial counsel's competency in a post-conviction proceeding and consideration of alleged trial errors as they relate to this issue is not barred by an alleged waiver arising from incompetency of appointed counsel on appeal. (*People v. Frank* (1971), 48 Ill. 2d 500.) Since petitioner is alleging incompetence of counsel on both trial and appellate levels, we must examine that issue as it pertains to his post-conviction petition.

■ The sole issue in this appeal is whether the trial court properly dismissed petitioner's post-conviction petition without an evidentiary hearing. It is clear that a post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right. (*People v. James* (1986), 111 Ill. 2d 283.) Ordinarily, a claim of ineffective counsel requires an evidentiary hearing. However, in the present case, the same judge that presided at petitioner's trial and heard the motion to suppress had before him all the information necessary to evaluate petitioner's claims in the post-conviction proceedings. (See *People v. Morris* (1969), 43 Ill. 2d 124.) An evidentiary hearing would have added no significant information. The proper focus at a hearing upon the State's motion to dismiss a post-conviction petition is whether the petition's allegations are supported by the record or accompanying affidavits (the only affidavit filed in this case consisted of petitioner's assertion that the petition was truthful) so as to establish a substantial violation of constitutional rights. (*People v. Silagy* (1987), 116 Ill. 2d 357.) No such showing was made by the petition; thus, no evidentiary hearing was required.

We first note that the post-conviction petition, for the most part, is a repetition of the same facts and arguments considered by this court on direct appeal. In affirming petitioner's conviction, the court was concerned with whether the trial court properly allowed three police officers to testify in rebuttal regarding petitioner's familiarity with the *Miranda* warnings. This court, in finding no error, discussed in detail Dr. Blumstein's testimony at the suppression hearing and also Dr. Stipes' trial testimony. Both men were defense witnesses who

had examined petitioner. At the suppression hearing, Dr. Blumstein first stated that petitioner was in the borderline range of intelligence with a third-grade level of comprehension and that he would probably not understand the meaning of the warnings. On cross-examination, however, the psychiatrist opined that petitioner very likely understood the warnings because he was very streetwise and had been given the warnings many times prior to this arrest. In effect, Dr. Blumstein admitted that petitioner understood the *Miranda* warnings at a sufficient level.

At the jury trial, Dr. Stipes also initially said that petitioner could not understand the warnings but later, on cross-examination, stated that his opinion would be different if the warnings had been explained to petitioner in the past. After this testimony, the State presented three police officers who stated that they had given petitioner the warnings, which he had claimed to understand, on at least three prior occasions. After the guilty verdict on only one count, petitioner directly appealed to this court on the issue of the officers' rebuttal testimony.

■ Petitioner's assertions that trial counsel was ineffective for not calling Dr. Stipes to testify at the suppression hearing are nonmeritorious. The general standard for determining whether a defendant has received effective assistance of trial counsel is whether counsel's performance was so defective that prejudice resulted which denied defendant a fair trial. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) Moreover, " 'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.' " *People v. Jimerson* (1989), 127 Ill. 2d 12, 33, quoting *Strickland,* 466 U.S. at 690-91, 80 L. Ed. 2d at 695, 104 S. Ct. at 2066.

■ The decision to call one of two examining experts to testify at a suppression hearing and, after that testimony does not meet defense expectations, to then have the second expert testify at trial is certainly a strategic choice. Furthermore, as the trial court noted at the hearing on the State's motion to dismiss, Dr. Blumstein's and Dr. Stipes' testimony did not differ much as to petitioner's ability to understand the *Miranda* warnings if he had become familiar with them in the past. Moreover, the court stated that it would have moved *sua sponte* to suppress petitioner's statements if Dr. Stipes' trial testimony would have made a difference as to the court's determination at the suppression hearing.

We agree with the trial court that the record does not indicate that there was any type of incompetence of counsel on either the trial

or appellate level. To the contrary, we find after reviewing the record that petitioner was provided very good representation at trial and on appeal. Since petitioner has failed to indicate any facts that would arguably support his incompetency of counsel allegation or, for that matter, any resultant prejudice so that the trial's outcome would probably have been different, no evidentiary hearing was necessary. Accordingly, the trial court order is affirmed.

Affirmed.

PINCHAM and LORENZ, JJ., concur.