(No. 36536.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DOUGLAS FREDERICK HARE, Plaintiff in Error.

*Opinion filed September 28, 1962.*

John Panici, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher and M. Robert Ostrow, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

The defendant, Douglas Frederick Hare, was indicted in the criminal court of Cook County on a charge of murder. He pleaded not guilty, was tried by the court without a jury, found guilty and sentenced to life imprisonment.

The defendant now brings writ of error contending that he was erroneously convicted because his counsel stipulated to the admission of all the evidence against him; that his appointed counsel was incompetent; that he had been denied an opportunity to cross-examine witnesses; and that defendant was too intoxicated to form an intent or the necessary malice aforethought requisite to the crime

of murder, and at best should have been convicted of manslaughter.

The facts as found in a lengthy confession taken in Will County, and in a statement taken in Cook County, both of which were admitted in evidence, are that Hare suspected his wife of infidelity. On August 22, 1960, he quarreled with his wife in their house, shot and killed her with a 30-caliber rifle, from a distance of about two feet, while she was sitting on a sofa. He then called his cousin, Roy C. McGarry (who was impleaded with Hare) to help him dispose of his wife's body. The two men wrapped the body in a blanket and put it in the back seat of the cousin's car. They drove to Will County and deposited the body in some underbrush after removing the deceased woman's clothing, which they endeavored to burn.

The record discloses that defense counsel stipulated to what certain witnesses would testify if they were present in court. The defendant's counsel stipulated that the mother of the deceased would, if present, testify to conversations with the defendant after the crime wherein he stated that the deceased was visiting his mother in Iowa; that if the pathologist from Will County were present, he would testify that he removed a bullet from the body of the deceased, and gave the bullet to an officer of the Chicago Scientific Crime Laboratory who determined that it was fired from the rifle in question, which the defendant, in the presence of officers, had marked with his initials; that if a State trooper had been called, he would testify that he saw the body of deceased on August 24 in Will County; that defendant gave a confession consisting of 15 pages. It was further stipulated that if a detective were called, he would testify that the defendant told him that the defendant had shot his wife with a rifle; that if one Bernard Winsberg were called, he would testify that he took a statement from the defendant in Chicago on August 26; that if an officer of the Chicago Police Department were called, he would

testify that he and the defendant went to a gas station where the defendant had purchased some gasoline used to burn the clothing of deceased and the blanket in which she had been wrapped; that if an acquaintance of the defendant were called, he would testify that he had gone to defendant's apartment about 11 P.M. on August 22, 1960, the date of the crime, and had been denied admittance. It was also stipulated that the confession had been taken in Will County and that, although the body of deceased had been found in Will County, the shooting took place in Cook County.

While we have summarized the complete stipulation, it is undisputed that all the evidence corroborating defendant's confession and statement was supplied by stipulation. Although defense counsel objected to the admission of the confession and statement, proper foundation for both was admitted by stipulation. The defendant contends that it was error for his counsel to make these stipulations. This court has held that an accused may by stipulation waive the necessity of proof of all or any part of the case which the People have alleged against him and that having done so, he cannot complain in this court of evidence which he has stipulated into the record. (*People* v. *Polk,* 19 Ill.2d 310; *People* v. *Pierce,* 387 Ill. 608; *People* v. *Malin,* 372 Ill. 422.) However, defendant seeks to distinguish the *Pierce* and *Malin* cases from the instant case in that, in those cases, the defendant was represented in the lower court by counsel of his own choosing, whereas counsel in this case is appointed by the court. Defendant cites *People* v. *Ruiz,* 403 Ill. 295 and *People* v. *Nowak,* 372 Ill. 381, in support of his contention that relief should be given from the stipulation. An analysis of both the *Ruiz* and *Nowak* cases reveals that each defendant was represented by counsel of his own choice and the defendants each testified. The sole question in the *Ruiz* case was whether his conviction was palpably against the manifest weight of the evidence. In

the *Nowak* case the stipulated testimony cast doubt on the guilt of the defendant. It is our opinion that neither the *Ruiz* nor *Nowak* cases are in conflict with the holdings in the *Malin* and *Pierce* cases as to stipulated evidence, but are authority for the proposition that the evidence, even though stipulated, must show that the defendant was proved guilty beyond a reasonable doubt and had a fair trial. From the record it is clear that defendant was proved guilty beyond a reasonable doubt and had a fair trial. The stipulated evidence here does not cast doubt on the guilt of the defendant. There is no suggestion whatsoever that either the confession or the statement was other than voluntary. We see no error in the stipulations or in the admission of the evidence by stipulation.

The defendant contends that his counsel was incompetent. The Public Defender had been appointed by the court. We have examined the record carefully and cannot agree with this contention. It is apparent that counsel presented as good a defense to the charge as the nature of the case permitted. The defense lawyer was in a difficult situation. The defendant had made a written statement and confession and, in addition, had, on three separate occasions, orally admitted the shooting of his wife. Defense counsel watched the stipulations closely and refused to stipulate to conclusions or assumptions. To many things he refused to stipulate and upon occasion cross-examined extensively and made certain proper objections to the admission of testimony with the result that certain testimony was excluded. His surveillance of the stipulations, his cross-examination, his successfully objecting and keeping certain testimony out of the record, together with his closing argument indicated a satisfactory familiarity with the case and belies the unwarranted suggestion of incompetency. The standard of performance laid down by this court in *People* v. *Morris,* 3 Ill.2d 437 for appointed lawyers was complied with in this case.

The defendant contends that he should have been given an opportunity to cross-examine witnesses. It does not appear that he was denied the opportunity to do so at any time, and hence he cannot now complain that he was deprived of any right.

The defendant last contends that he was intoxicated and consequently cannot be convicted of a crime which involves malice, and that if he were to be convicted of any ʿcrime, it should be that of manslaughter. This court has stated in *People* v. *Lion,* 10 Ill.2d 208, that voluntary drunkenness is no excuse for the perpetration of a criminal act, (Ill. Rev. Stat. 1955, chap. 38, par. 599; *People* v. *Klemann,* 383 Ill. 236) and that it may be used to negative the essential elements of intent and malice only where the intoxication is so extreme as to suspend entirely the power of reason. (*People* v. *Minzer,* 358 Ill. 345; *People* v. *Cochran,* 313 Ill. 508; *People* v. *Brislane,* 295 Ill. 241; 21 I.L.P. Homicide, sec. 17). Merely being "drunk" or "intoxicated" is no defense, even though the condition may have lasted for several days. (*People* v. *Kadlecek,* 391 Ill. 470.) Reading the two confessions made by the defendant, we find that although he several times stated that he was drunk and that he "blacked out," nevertheless he had·a clear memory of the incident which he freely confessed, and he recited the chronology of events before, during and after the crime in detail. The defendant said that the trouble with his wife had been preying on his mind for some time. We do not find proof of a condition which would remove the element of malice.

From an examination of the record in its entirety we find that the defendant was properly convicted of the crime of murder. Accordingly the judgment and sentence of the criminal court of Cook County is affirmed.

*Judgment affirmed.*