**People of the State of Illinois, Plaintiff-Appellee, v. Leonard Dolatowski, Defendant-Appellant.**

**Gen. No. 67–51.**

Third District.

May 20, 1968.

G. Britt Barr, of Joliet, for appellant.

George Sangmeister, State's Attorney of Will County, of Joliet, for appellees.

ALLOY, P. J.

Defendant was sentenced to the Illinois State Penitentiary for a term of one to ten years following conviction of the crime of escape from the Illinois State Penitentiary at the Stateville branch in Will County, Illinois, on September 1, 1961. At the time, defendant was serving a sentence of five to fifteen years for burglary under four

mittimi issued by the Criminal Court of Cook County, Illinois. During the approximate period of five years of his imprisonment, defendant had a good record and was given duties outside the prison walls, which involved washing and servicing automobiles, and driving guards and inmates to and from various assignments. For a number of months prior to September 1, 1961, defendant had been receiving intoxicating liquor from a guard in exchange for filling his automobile tank with gasoline. On September 1, 1961, the guard brought his automobile to the defendant who serviced the car and then took a quart of vodka from the trunk in accordance with the previous arrangement with the guard. Defendant and another inmate of the penitentiary then drank the entire bottle. The defendant, thereafter, with another inmate drove past the guard's station and proceeded to Chicago where he was arrested on September 2, 1961. The guard who had furnished the alcoholic liquor, testifying on cross-examination, was asked "Did you notice anything unusual about the defendant?" He answered "No, I did not."

The defendant was indicted and tried by a jury for the crime of escape from the penitentiary. The jury returned a verdict of guilty. Defendant's motion for a new trial thereafter was denied and he was sentenced to a term of one to ten years with such sentence to commence after the expiration of the original sentences pursuant to which defendant was in the penitentiary.

On appeal in this Court, defendant contends that he was not afforded a fair and impartial trial as guaranteed by the due process of law clause in the constitutions of the United States and State of Illinois; that the jury was not properly instructed; and that the verdict was not sustained by the evidence. This cause was originally filed in the Supreme Court of this State but was transferred to this Court for a determination.

The basic issue with which we are concerned arises by reason of People's Instruction No. 5 which attempted to explain to the jury the law relating to the effect of voluntary intoxication on the jury's determination of defendant's guilt or innocence of the crime of escape. The instruction as submitted is in the following form:

> "The Court instructs the jury that under the law in this state, voluntary intoxication is not an excuse for commission of crime. If you believe from the evidence *beyond a reasonable doubt* that the defendant voluntarily became intoxicated and while so intoxicated escaped from the Illinois State Penitentiary as charged in the indictment, his intoxication would be no excuse for his unlawful act, unless you further believe from the evidence that his intoxication was such that at the time such act was committed the defendant was wholly incapable of forming an intent to escape and had not formed such intent prior to his becoming intoxicated." (Emphasis ours.)

On the basis of the cases in this State which have considered the defense of voluntary intoxication, it has been specifically determined that voluntary intoxication is not a defense in a criminal action. Where the crime involves a specific intent, however, it is possible for defendant to show that because of his intoxication he did not have, or was incapable of forming, the required specific intent. If in the case before us, the evidence would show that defendant did not have such specific intent because of his intoxication, then his intoxication could become a defense. As stated in People v. Klemann, 383 Ill 236, 48 NE2d 957, at pages 238–239:

> "The final inquiry is whether plaintiff in error was sufficiently intoxicated, at the time he committed the acts complained of, to excuse the crime. The

common-law rule has always prevailed in this State that voluntary intoxication affords no excuse for crime. . . . That rule has been woven into our statute, (Ill Rev Stats 1941, c 38, par 599,) which provides that 'drunkenness shall not be an excuse for any crime or misdemeanor, unless such drunkenness be occasioned by the fraud, contrivance or force of some other person for the purpose of causing the perpetration of an offense.' In the instant case there is no claim that the intoxication relied on as a defense was involuntary.

"It is insisted, however, that there is an exception to the above general rule, which is as well established as the rule itself, to the effect that where a specific intent is an essential element of the crime charged, the defendant is not guilty if he was intoxicated to such a degree as to be unable to form an intent. That exception was authoritatively recognized by this court in the late case of People v. Gilday, 351 Ill 11. This supposed exception to the rule, to be exact, is not an exception proper, but a super-imposed rule applicable only where the offense is, by law, made to depend upon the state or condition of the mind of the accused at the time, for if the act must be committed with a specific intent, and the defendant is incapable of forming any intent whatever, the offense has not been committed. While drunkenness is no excuse for any act done or committed, the want of mind operates, not to excuse the crime, but to render the accused incapable of committing it."

The Supreme Court in People v. Hare, 25 Ill2d 321, at page 326, 185 NE2d 178, in treating the question of voluntary intoxication in a criminal case asserted:

"This court has stated in People v. Lion, 10 Ill2d 208, that voluntary drunkenness is no excuse for the

437

perpetration of a criminal act, (Ill Rev Stats 1955, c 38, par 599; People v. Klemann, 383 Ill 236) and that it may be used to negative the essential elements of intent and malice only where the intoxication is so extreme as to suspend entirely the power of reason. (People v. Minzer, 358 Ill 345; People v. Cochran, 313 Ill 508; People v. Brislane, 295 Ill 241; 21 ILP, Homicide, sec 17.) Merely being 'drunk' or 'intoxicated' is no defense, even though the condition may have lasted for several days."

█ In the instruction before us, it is obvious that the mischief arises from the use of the words "beyond a reasonable doubt." Without the addition of this phrase, the instruction would be proper since it tells the jury that voluntary intoxication is not normally a defense. It then adds the exception that if the intoxication prevented defendant from forming the intent to escape, then such intoxication would be a defense. It also advised the jury that if the defendant had the intent to escape before he became intoxicated then the voluntary intoxication was not a defense. This was also proper. The basic question is whether the addition of the phrase "beyond a reasonable doubt" changed the meaning of the instruction so as to render it an improper definition of the defense of voluntary intoxication. The instruction commences specifically with the statement that if the jury believed from the evidence "beyond a reasonable doubt" that defendant voluntarily became intoxicated, the other consequences outlined in the instruction would become applicable. This is not a correct statement of the law. All that is required is that the jury find from the evidence that defendant became voluntarily intoxicated. It is not necessary that they find this to be true "beyond a reasonable doubt." Such requirement greatly changes and limits the defendant's defense of voluntary intoxication. Such instruction adds a new condition to the defense of

voluntary intoxication which is not now required under Illinois law. All the jury is required to believe from the evidence is that defendant was voluntarily intoxicated— not that he was intoxicated beyond a reasonable doubt. It may very well have been that the jury in each instance where the phrase "voluntary intoxication" appears, could have believed that such intoxication must be established by defendant beyond a reasonable doubt. It would require a strained construction to see that such instruction would be favorable to the defendant where he contends his voluntary intoxication rendered him wholly incapable of forming an intent to escape.

We are mindful of the fact that the record discloses that defendant was apprehended miles away from the penitentiary where he was under lawful sentence, and that the record establishes his actual escape beyond a reasonable doubt. In the cause before us, however, defendant sought to establish a defense tending to show that his intoxication was such that he was incapable of forming an intent to escape. In view of the record it is clear that the instruction as given was erroneous and could have been misleading to the jury. There are other points which are raised by appellant which we need not discuss, in view of the determination of this cause.

This cause will, therefore, be reversed and remanded for a new trial to the Circuit Court of Will County.

Reversed and remanded.

STOUDER and SCHEINEMAN, JJ., concur.