THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JOSEPH L. STOKES, Petitioner-Appellant.

(No. 57470; )

First District (4th Division)—July 24, 1974.

Aaron J. Kramer, of Chicago (Peter B. Loughman and Schiff, Hardin & Waite, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Frank Baumgart, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Petitioner, Joseph L. Stokes, was charged in three indictments with three burglaries and two counts of rape that took place during two of the burglaries. On February 14, 1968, petitioner, represented by Assistant Public Defender Paul Bradley, withdrew his plea of not guilty and entered a guilty plea to all the above charges. He was sentenced to concurrent terms of not less than 7 nor more than 12 years on each indictment. The next day he further pleaded guilty to a charge of attempted escape, receiving a sentence of not less than 1 nor more than 4 years, to run concurrently with the sentences on the above charges. A petition for post-conviction relief was filed on January 27, 1969. This petition was later amended with the assistance of counsel. The petition related solely to petitioner's plea of guilty to the burglary and rape which was committed upon Ms. Melanie J. Hayes. The petition was dismissed without an evidentiary hearing on motion of the State, and petitioner appeals this order of dismissal.

■■ Petitioner raises numerous contentions urging this court to reverse the order of dismissal, but we must first examine a threshold question before we consider the points he raises. A plea of guilty, made in a voluntary and understanding manner, operates as a waiver of all nonjurisdictional errors and defects. (*People v. Brown*, 41 Ill.2d 503, 244 N.E.2d 159; *People v. Phelps*, 51 Ill.2d 35, 280 N.E.2d 203; *People v. Loy*, 52 Ill.2d 126, 284 N.E.2d 634; and *People v. Dunn*, 52 Ill.2d 400, 288 N.E. 2d 463.) Since none of the errors at trial raised by petitioner are of a jurisdictional nature, we may only reach them for consideration on this appeal if we find that the guilty plea was not knowingly and voluntarily made. After careful examination of the record, we are of the opinion that the guilty plea in the instant case was knowingly and voluntarily made.

■■ Petitioner asserts that his guilty plea was not knowingly and voluntarily made since, *inter alia*, he was denied his right to effective assistance of counsel in making the plea due to the incompetency of the assistant public defender appointed to represent him. As petitioner quite correctly points out in his brief, incompetence of trial counsel is a question of constitutional dimension and is cognizable in a proceeding under the Post-Conviction Hearing Act. (*People v. Savage*, 8 Ill.App.3d 162, 289 N.E.2d 460.) A defendant, to establish that his trial counsel was incompetent, must demonstrate the actual incompetence of counsel by his actions in carrying out his duties as the trial attorney which resulted in substantial prejudice to the defendant and without which the outcome would probably have been different. (See *People v. Goerger*, 52 Ill.2d 403, 288 N.E.2d 416, and the cases cited therein.) We have examined

the conduct of petitioner's trial counsel with the above criteria in mind, and we are of the opinion that the record does not establish incompetency of counsel. Quite the contrary, we find that Mr. Bradley, the trial counsel, was capable, conscientious and thorough in his representation of petitioner.

■■ Petitioner urges that the incompetency of his appointed counsel is evident from the record primarily in that Mr. Bradley failed to investigate or discuss a statement made by Ms. Hayes to him that her attacker had a mole or birthmark on his stomach which she was able to see during the course of an oral sex act which she had been forced to perform. Mr. Bradley stated, in affidavits presented in connection with the instant petition, that his investigation and the evidence against Mr. Stokes was such that no "viable defense" was possible and he advised a guilty plea be entered. He believed that the testimony of the victim regarding the rapes and other acts or attempted acts would be highly inflammatory and prejudicial to his client. We are of the opinion that what petitioner now asserts as incompetency on Mr. Bradley's part was simply an exercise of his judgment as trial counsel as to matters of defense strategy. It is "well settled" that a review of the representation afforded by appointed counsel does not extend to matters of the "exercise of judgment, discretion or trial tactics" even where counsel on appeal or the reviewing court might have acted in a different manner. *People v. Wesley,* 30 Ill.2d 131, 136, 195 N.E.2d 708, citing *People v. Kirkrand,* 14 Ill.2d 86, 150 N.E.2d 788; *People v. Robinson,* 21 Ill.2d 30, 171 N.E.2d 11; *People v. Hare,* 25 Ill.2d 321, 185 N.E.2d 178, and *People v. Anthony,* 28 Ill.2d 65, 190 N.E.2d 837.

■■ Petitioner further asserts that his guilty plea was not knowingly and voluntarily made since the State had withheld certain statements in its possession which may have helped establish his innocence and that "cruel and inhuman" conditions at the Cook County jail had affected him so as to render his plea coerced, unintelligent and unknowing. We find no merit in either argument. The statements in question were those of Ms. Hayes regarding the mole or birthmark. Petitioner's trial counsel had spoken to Ms. Hayes and was aware of the same facts she told the police. Even if the question of whether these reports should have been turned over had not been waived by petitioner's guilty plea, no prejudice resulted since the defense was already in possession of the information. Petitioner also alleges that the conditions he encountered in jail influenced his decision to plead guilty, but he has failed to demonstrate in what manner. It is not claimed that these conditions were specifically directed at him to force him to plead guilty or that he was ever persuaded to do so by jail personnel. Petitioner was given adequate time

while in jail to consult with counsel and discuss whether or not to plead guilty to the charges. We cannot then say that his guilty plea was invalid as a result of conditions while in confinement.

Petitioner's final point on appeal concerns the failure of the judge to allow a motion for a change of venue in the post-conviction proceedings. Petitioner moved for a change of venue alleging that the judge before whom petitioner's case was to be heard, the Honorable Frank J. Wilson, was biased and prejudiced as to the facts alleged as grounds for relief in the post-conviction petition. The motion, and attached affidavit of counsel, noted that during a hearing on a petition for post-conviction relief filed on behalf of Willie Steward, and where incompetency of the very same assistant public defender was at issue, the following statement was made by Judge Wilson when he interrupted affiant's argument:

> "I'm going to stop all this right here. Paul Bradley was one of the best public defenders Cook County ever had. The petition will be denied."

Petitioner argues that this comment established a bias on the part of the trial judge and that proper consideration of an allegation of incompetency against Mr. Bradley in the instant case would not be possible.

■■ We disagree with petitioner. Petitioner, citing *People v. Jenkins*, 11 Ill.App.3d 690, 297 N.E.2d 279, is correct when he notes that the right to a change of venue in a post-conviction proceeding is not absolute. He argues, however, that in the instant case the failure of the trial judge to disqualify himself and the alleged bias noted above served to deny petitioner a fair hearing and his right to due process of law. Petitioner relies on the test stated in *People v. Evans*, 37 Ill.2d 27, 224 N.E.2d 778, to demonstrate that the trial judge abused his discretion in not granting the motion for a change of venue:

> "To establish a constitutional violation within the purview of the Post-Conviction Hearing Act defendant would have to allege facts which, if true, would show that he was substantially prejudiced by the denial of his motion for substitution of judges. In other words, defendant must allege facts which demonstrate that the judge he seeks to have removed is actually prejudiced against him, and that the judge's bias operated to deny him of his right to a fair trial." ( 37 Ill.2d 30-31.)

Petitioner has completely failed to show that the trial judge was in fact prejudiced against petitioner in the instant case or that this alleged bias operated to deny him his right to a fair hearing. The statement attributed to the trial judge during a hearing on a different matter, the context of which we are unable to ascertain, does not show any prejudice against the petitioner or to his argument in the instant case. While peti-

tioner would have this court accept that this statement demonstrates that the trial judge would not sustain any allegation of incompetency on the part of Mr. Bradley, the statement merely shows that the petitioner in that hearing had failed to demonstrate incompetency of counsel. Though the trial judge may have stated previously that he believed that Mr. Bradley had been "one of the best public defenders Cook County ever had," he did not say he would refuse to consider an allegation of incompetency on his part. Further petitioner has not shown that the alleged bias of the trial judge operated to deny him a fair hearing in the instant case. We have read the entire record presented to this court and are of the opinion that petitioner received a full and fair hearing on his petition for post-conviction relief.

For the foregoing reason, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.