THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ALLEN CLARK, Petitioner-Appellant.

(No. 61460;

First District (1st Division)—September 15, 1975.

James J. Doherty, Public Defender, of Chicago (Dorothea Kaplan and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before Burke, P. J., Goldberg and Egan, JJ.):

Allen Clark, petitioner, appeals from the dismissal of his amended post-conviction petition filed pursuant to the Illinois Post-Conviction Hearing Act. Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*

Petitioner was found guilty after a bench trial of the crime of murder. He was sentenced to a term of 25 to 40 years. Petitioner appealed and on November 17, 1972, this court affirmed the judgment of conviction (*People v. Clark*, 8 Ill.App.3d 700, 291 N.E.2d 33). On July 16, 1973, petitioner filed a *pro se* post-conviction petition. Counsel was appointed

to represent petitioner and an amended post-conviction petition was subsequently filed. On July 31, 1974, upon motion of the State, the trial court dismissed the amended post-conviction petition without an evidentiary hearing.

In his amended petition and in this court petitioner argues that he was entitled to post-conviction relief on the allegation that he did not knowingly and understandingly waive his right to a trial by jury and that his attorney's equivocal statement of a jury waiver was insufficient to satisfy the prerequisites of an express jury waiver. The record reflects that prior to trial defense counsel made the following statement:

"Your Honor, I would indicate on behalf of the defendant Allen Clark that it will be a bench trial, but I would ask to be heard again on this matter."

The same day petitioner signed a jury waiver which was made a part of the common-law record. The case subsequently proceeded to trial without further mention of a jury trial. Petitioner now argues that the statement by his attorney was not an express waiver and that there is nothing in the record which would demonstrate that he read or understood the jury waiver form which he subsequently signed.

■■ A proceeding under the Post-Conviction Hearing Act is a new proceeding for the purpose of inquiring into the constitutional basis of the original conviction which had not already been adjudicated. (*People v. Beckham,* 46 Ill.2d 569, 264 N.E.2d 149.) Where an allegation has previously been considered and rejected by this court, any reconsideration of the same allegation in post-conviction proceedings is barred by the doctrine of *res judicata.* (*People v. Walker,* 6 Ill.App.3d 909, 286 N.E.2d 812.) The concept of *res judicata* includes not only all the issues raised but any issues which could have been raised but were not, those being considered waived. *People v. Adams,* 52 Ill.2d 224, 287 N.E.2d 695.

In the case at bar, petitioner appealed his conviction to this court which, on November 17, 1972, affirmed the judgment of conviction. The argument which petitioner now seeks to make is based entirely upon the original trial transcript and was therefore fully known at the time of petitioner's direct appeal. Petitioner's failure to raise this issue in his direct appeal constitutes a waiver and he may not now for the first time in post-conviction proceedings raise this argument.

Petitioner seeks to avoid the principles of *res judicata* and waiver by citing the doctrine announced in *People v. Frank,* 48 Ill.2d 500, 272 N.E.2d 25. In *Frank,* the Supreme Court held that the doctrine of waiver should not bar consideration of issues in post-conviction proceedings where the alleged waiver stems from the incompetency of appointed counsel on appeal. However, the court noted that there is no obligation

that appointed counsel brief every conceivable issue on appeal and the failure to raise a stated issue is not incompetence of counsel unless counsel's appraisal of the issue is patently wrong.

■■ A review of this court's opinion affirming petitioner's conviction demonstrates that defense counsel raised four substantial issues which were extensively dealt with by this court. After an examination of the merits of the jury waiver issue, which was fully briefed by both sides in these proceedings, we do not believe that the issue was so patently meritorious that the failure of appellate counsel to raise the issue on the direct appeal constitutes incompetency of counsel. We therefore conclude that the trial court properly dismissed petitioner's amended post-conviction petition without an evidentiary hearing.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.