THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* CHARLENE KAY JOHNSON, Petitioner-Appellant.

Third District    No. 77-540

Opinion filed September 7, 1978.

Charlene Kay Johnson, *pro se*, of Dwight (Paul David Kelley, legal researcher, of counsel), for appellant.

James R. Fritze, State's Attorney, of Watseka (Gordon Lustfeldt, law student, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Charlene Kay Johnson appeals to this court from an order of the Circuit Court of Iroquois County which granted the motion of the State to dismiss her petition for post-conviction relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*; see Ill. Rev. Stat. 1977, ch. 110A, par. 651).

In 1974, Charlene Kay Johnson was found guilty of murder in a jury trial in Iroquois County, and she was sentenced to a term of 14 to 24 years in the penitentiary.

A direct appeal of the judgment and sentence was taken to this Court in which this court affirmed the judgment and sentence (*People v. Johnson* (3d Dist. 1975), 32 Ill. App. 3d 36, 335 N.E.2d 144). In the 1975 opinion in this court, we reviewed the facts and the pertinent issues and determined that the evidence presented was sufficient for the jury to find the defendant guilty beyond a reasonable doubt. We also found no error in the admission of the various items of evidence nor as to the admission of certain statements made by defendant and her brother on the night of the murder. Defendant raised eight issues on direct appeal which concerned instructions and the qualification of the State's ballistic experts and we found that there was no reversible error in the conduct of the trial with respect to all such issues.

In August 1976, defendant Johnson filed the petition involved in this appeal under the Post-Conviction Hearing Act. In her petition, defendant asserted that there were violations of her constitutional rights in (1) that the trial court failed to tender or require specific instructions on intent, voluntary intoxication, and admissions by defendant; (2) that the trial court erred in giving an instruction on voluntary manslaughter; (3) an alleged impropriety in the State's closing argument; (4) the admission of certain items of evidence, principally a shotgun; and (5) the assertion by defendant that her representation by her attorney was incompetent. In response to such issues, and to several more which were raised by way of amendment, but not pursued on appeal, the State filed a motion to dismiss (Ill. Rev. Stat. 1977, ch. 38, par. 122—5). The State contends, among other things, that the issues, except for the ineffective assistance of counsel assertion, should have been raised on direct appeal and since they were not raised on direct appeal they are now waived and are not properly a basis for post-conviction relief. As to the competency of counsel issue, the State argued that the quality of representation was not so low as to give rise to a constitutional due process violation and that, therefore, the competency issue, on the record, was not a basis for post-conviction relief. The trial court, following the hearing on the State's motion, granted dismissal as to all of the issues raised, except for allegations in the amended petition (not pursued on appeal) that defendant's trial counsel rendered ineffective

assistance of counsel by his failure to advise defendant of a plea offer by the State. An evidentiary hearing was had on that issue, after which the court also denied the petition for relief on that issue, after evidence disclosed that defendant was actually advised of the plea offer by the State. Defendant then instituted the present *pro se* appeal in this cause.

■■■ The Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) designates the procedure whereby persons in the penitentiary may pursue claims that they were substantially denied their constitutional rights in the trial court proceedings. The post-conviction hearing procedure, however, is not designed to give such persons another opportunity to again raise on appeal issues which were, or could have been, adjudicated on direct appeal. The general rule was stated by the Illinois Supreme Court in *People v. Kamsler* (1968), 39 Ill. 2d 73, 74, 233 N.E.2d 415:

> "It is well settled that where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all issues which could have been presented to the reviewing court, if not presented, are waived."

Exceptions to the application of this established rule have been allowed where such exceptions are required by the doctrine of fundamental fairness (*People v. Derengowski* (1970), 44 Ill. 2d 476, 256 N.E.2d 455) or where review by direct appeal has been denied by failure to have competent counsel on appeal (*People v. Frank* (1971), 48 Ill. 2d 500, 504, 272 N.E.2d 25). We find that neither exception is applicable in the present case, and as will be noted more fully in the course of this opinion, we conclude that defendant was represented by competent counsel during trial and on appeal, and we find no fundamental unfairness in any other prior proceedings in the trial court.

■■ Defendant Johnson alleges in her petition that the failure of the trial court to instruct the jury on several matters resulted in substantial denial of her constitutional right to a fair trial. Specifically, she argues that the jury ought to have been given individual instructions on intent, intoxication, and admissions by the defendant. (See IPI Criminal Nos. 24.02, 3.06.) She also asserts as constitutional error, the giving of an instruction on voluntary manslaughter, where there was no evidence of provocation. The State contends that such issues were properly the subject of review by direct appeal and, since defendant did not raise those issues on direct appeal, they must be deemed waived. The State contends alternatively that there was insufficient showing of a substantial denial of constitutional right to warrant post-conviction relief on the issues raised. We conclude, on a

review of the record and the issues, that such issues could and should have been raised on direct appeal and are, therefore, waived.

We note that on direct appeal, defendant did raise one issue concerning the instructions. (See *People v. Johnson* (3d Dist. 1975), 32 Ill. App. 3d 36, 47-48, 335 N.E.2d 144.) That issue was determined in the prior appeal adversely to the contention made by defendant. As we have previously noted, the other issues have been waived since they were not raised on direct appeal. These include the claims relating to instructions as well as allegation as to improper argument by the State in the course of such trial. We had noted in the previous direct appeal that the jury was adequately instructed and that there was no reversible error.

■■ Defendant raises, as a substantial denial of her constitutional rights, the admission into evidence of the shotgun found at the scene on the night of the murder. In her prior direct appeal, defendant contended that the trial court erred in denying her motion to suppress the physical evidence seized at the scene, which included the shotgun. This court in the previous appeal concluded that no error had been committed in admitting such physical evidence *(People v. Johnson* (3d Dist. 1975), 32 Ill. App. 3d 36, 46, 335 N.E.2d 144). The admissibility of such physical evidence offered, including the shotgun, is an issue which is now *res judicata* and not properly the subject of post-conviction relief. *(People v. Clark* (1st Dist. 1975), 32 Ill. App. 3d 763, 336 N.E.2d 521.) To the extent that defendant now seeks to raise new arguments to support the contention, such issues were also waived by failure to include them in the direct appeal. *People v. French* (1970), 46 Ill. 2d 104, 262 N.E.2d 901.

■■ Defendant also contends that she was denied her constitutional rights to a fair trial because of the asserted incompetence of her chosen counsel. While incompetency of counsel may properly be advanced in a post-conviction proceeding *(People v. Pannell* (3d Dist. 1977), 44 Ill. App. 3d 885, 887, 358 N.E.2d 1331), what must be established is the "actual incompetence of counsel * * * which result[s] in substantial prejudice to the defendant and without which the outcome would probably have been different" *(People v. Stokes* (1st Dist. 1974), 21 Ill. App. 3d 754, 756, 316 N.E.2d 127). As stated in *People v. McGinnis* (1st Dist. 1977), 51 Ill. App. 3d 273, 275-76, 366 N.E.2d 969:

> "An allegation of inadequate retained counsel presents a constitutional question for consideration in a post-conviction proceeding only when the representation is of such low caliber as to amount to no representation at all or reduces the trial to a farce or a sham. *(People v. Lomax* (1971), 49 Ill. 2d 549, 276 N.E.2d 292.) Incompetency of retained counsel which is tantamount to no representation is not shown through hindsight allegations which

simply amount to errors of judgment or trial strategy. (*People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E. 461.)"

■■ The principal basis for defendant's assertion on this issue of incompetence of counsel is the asserted failure of her trial counsel to tender to the court instructions on intent, intoxication, and admissions. She also complains of his failure to object to the admission of the physical evidence, specifically the shotgun. On the latter point, as to the shotgun, the record shows that her trial counsel filed and argued a motion to suppress such evidence and then took an appeal from the denial of his motion. We note, also, that the trial judge hearing the petition found that all such allegations as to incompetency of trial were groundless and that the representation received by defendant was excellent. We agree with the trial court on this issue, after review of the record. The record does not establish incompetency of counsel and we find no constitutional violation as regards defendant's representation.

■■■ While intoxication was an important defense issue in the case, the decision not to request an instruction on that issue was clearly made for tactical reasons. The instruction (IPI Criminal No. 24.02) emphasizes that voluntary intoxication is not a defense, unless such renders defendant incapable of acting intentionally or with the requisite degree of knowledge. The trial counsel may well have felt it beneficial to avoid such emphasis, since he felt that he would still be able to, and did, argue that intoxication of defendant negatived the state of mind requirements of murder. The record is clear that the defendant's counsel vigorously argued that defendant was too drunk to have committed the act or to have acted knowingly or intentionally. Apparently trial counsel felt that he was able to pursue the substance of the intoxication issue without the negative emphasis of the instruction. The trial court, at the hearing on the post-conviction petition, observed that the intoxication instruction might well have been offered by the State in support of its case. In any event, such matters call for the exercise of judgment on tactical considerations, and while, in hindsight, other counsel or a reviewing court might have acted differently in presenting the defense, such decisions are matters of judgment and do not demonstrate incompetency of counsel. (*People v. Stokes* (1st Dist. 1974), 21 Ill. App. 3d 754, 757, 316 N.E.2d 127.) We should observe, also, that trial counsel did in fact object to the voluntary manslaughter instruction in his decision not to tender the admissions instruction as a matter of judgment in trial tactics. We also note that defendant has failed to show any prejudice to her of such character that the outcome of the trial would have been different on this issue. Allegations of conclusions asserting substantial constitutional violations are insufficient. A defendant must set forth in what manner defendant's rights have been violated. (*People v. Smith* (1968), 40 Ill. 2d 562, 564, 241 N.E.2d 413.)

The record in the instant case shows that the jury was adequately instructed and we find no inadequacies sufficient to require post-conviction relief in the manner of the representation of defendant's counsel at the trial.

Defendant finally contends that her appellate counsel, who was also her trial counsel, rendered ineffective assistance of counsel on appeal by failing to raise, on direct appeal, the issues concerning instructions and the admission of the shotgun. This statement has no substance. As we have noted previously, the instructions, as a whole, adequately cover the law and issues in the case, and the lack of specified instructions was a matter of trial strategy and judgment. Under these circumstances, we find no merit in petitioner's allegation that her counsel's failure to raise these very issues on appeal constituted ineffective assistance of counsel. Defendant failed to also show that their omission resulted in substantial prejudice to her constitutional rights. We note, also, that as to the admission of the shotgun, we have previously shown that the issue of admissibility of the shotgun was in fact raised on direct appeal by defense counsel. This issue and numerous other issues were raised on direct appeal and found not to justify a reversal by this court. As stated by the Illinois Supreme Court in *People v. Frank* (1971), 48 Ill. 2d 500, 505, 272 N.E.2d 25:

> "We recognize no obligation of appointed counsel to brief every conceivable issue on appeal. It is not incompetence for counsel to refrain from raising those issues which in his judgment are without merit, unless his appraisal of the merits is patently wrong."

From our review of the record in this cause, we do not find that action of counsel through failure to raise certain issues, as asserted by appellant, would constitute incompetence of counsel. The record clearly demonstrates that defendant was represented by competent counsel at the trial and on appeal.

For the reasons stated, therefore, we conclude that the trial court properly granted the State's motion to dismiss the defendant's post-conviction proceeding and, accordingly, we affirm the judgment of the Circuit Court of Iroquois County in this cause.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.