THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VICTOR CANALES, Defendant-Appellant.

First District (1st Division)   No. 79-966

Opinion filed July 14, 1980.

John M. Cutrone, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Christine A. Campbell, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal of a denial by the circuit court of Cook County of defendant, Victor Canales' motion to vacate his plea of guilty to the charge of delivery of a controlled substance. Defendant and co-defendant, Zacarias Ruiz, had been jointly indicted, and both pled guilty. Defendant was sentenced to six years in the State penitentiary, while Mr. Ruiz was allowed to plead guilty to a lesser-included offense and was sentenced to 30-month probation with four months work release, as a condition of probation.

The issues on appeal are (1) whether the trial court denied defendant's right to counsel by allowing one attorney to represent co-defendants, without admonishing the defendant and without obtaining a waiver from him as to potential conflicts of interest; (2) whether defendant's attorney had an actual conflict of interest and (3) whether the issues raised by defendant on appeal were waived by his voluntary guilty plea.

The defendant and Mr. Ruiz were arrested on March 18, 1977, and subsequently indicted for the unlawful delivery of more than 30 grams of cocaine. On May 5, 1977, the defendant and Mr. Ruiz were arraigned. A privately retained counsel represented both men. Following arraignment the case was continued numerous times pursuant to requests for discovery and other pretrial matter.

On January 8, 1979, a conference was held with the court, the defendant, Mr. Ruiz and the State. The court explained to the defendant that the conference was being held to determine what the court would do in the event of a plea of guilty. The court further explained to the defendant what would take place at such a conference, that the defendant would be present at all times and the defendant would be given the opportunity to say whatever he wished at the conference. The defendant acknowledged to the court that he understood what was being explained to him.

The facts of the case were stated to the court. The State and defense counsel then explained their previous discussions and the results of their

meetings. The State recommended, for a return of a plea of guilty by the defendant, six years in the State penitentiary. The State also recommended a reduction of the charges against Mr. Ruiz. Before any agreement was reached between the parties, the conference was continued until an updated Bureau of Investigation report was obtained on the defendant and Mr. Ruiz.

On January 29, 1979, a plea hearing was held. After further negotiations with the State, the defendant and Mr. Ruiz entered guilty pleas before the court. The court first determined that the defendant desired to plead guilty. The court further explained to the defendant the nature of the charge against him and the ramifications of being sentenced under the old and new law. The court explained to the defendant that he had a right to trial, the right to have the State prove him guilty beyond any reasonable doubt, the right to confront witnesses, the right to a jury trial and the right to remain silent if he so desired. The defendant acknowledged that he understood all of his rights but he still wished to waive these rights and plead guilty.

The following facts were stipulated to by all parties. On March 18, 1977, the defendant delivered one packet of cocaine to Special Agent Ferguson. This packet was a sample of an additional nine ounces of cocaine Agent Ferguson was to purchase. The purchase price for the 10 ounces of cocaine was $15,000. Prior to delivering the first packet the defendant counted the $15,000 but the money was retained by Agent Ferguson. After delivering the first packet, the defendant left Agent Ferguson's auto and met Mr. Ruiz in another vehicle where he obtained an additional nine packets of cocaine. The defendant then delivered the remaining packets to Agent Ferguson. Both the defendant and Mr. Ruiz were then arrested.

After the stipulation was read into evidence the court again asked the defendant if he wished to plead guilty to the charge. The defendant again stated that he wished to plead guilty, and the court held that a factual basis existed to support the defendant's plea. The court then proceeded to hold a hearing in aggravation and mitigation where the court learned of the past background of both the defendant and Mr. Ruiz. The defendant had previously received six months' incarceration in a Federal institution and 3½ years' probation in 1976 after a conviction for possession of marijuana with the intent to distribute. Mr. Ruiz had no previous arrest record. The court sentenced the defendant to six years in the State penitentiary. Mr. Ruiz was sentenced to 2½ years of probation. Both sentences were pursuant to agreement.

On February 28, 1979, the defendant filed a motion to withdraw his guilty plea alleging that his plea was not voluntary. The defendant was now being represented by another privately retained counsel. The

defendant filed an amended motion to withdraw his guilty plea on March 7, 1979, contending that a conflict of interest existed since one attorney represented both the defendant and Mr. Ruiz. On March 30, 1979, a hearing was held before the same trial court as had accepted the defendant's plea.

Present at this hearing was the attorney who had represented the defendant during plea negotiations and the Assistant State's Attorney who also had taken part in the negotiations. Defendant's prior attorney related to the court what had transpired during pretrial discussions with the State. Under the charge as stated in the indictment, the defendant would not have been able to receive a probationary sentence and in an attempt to obtain probation for the defendant, said attorney continually asked the State to reduce the Class X felony, but was refused.

Defendant's original attorney told the State he felt six years was too much for Mr. Canales and that neither of the defendants would testify against each other. He further inquired as to what would happen if only Mr. Ruiz wished to plead guilty and was told the prosecution did not feel it would be necessary to have Mr. Ruiz testify.

The court inquired of defendant's original attorney whether he considered pleading Mr. Ruiz and taking the defendant's case to trial. Said attorney explained that throughout the two years he had represented both the defendant and Mr. Ruiz, and well over a year prior to the first plea negotiation session, he explained that there was an opportunity for severance and he could take the defendant's case to trial. Finally, the court asked defendant's original attorney if any representative of the State ever said the offer was a "package." He responded that the State never offered a package deal as to both defendants.

The court denied the defendant's motion to withdraw his guilty plea. The court noted that it had reviewed all the transcripts and failed to find evidence of actual conflict or prejudice against Mr. Canales. The defendant now takes this appeal from this denial of his motion.

⊙ 1 Before addressing ourselves to the issues raised by the defendant as to his right to counsel and the conflicts of interests of defendant's attorney, we will consider whether defendant has waived such issues by his guilty plea. The law is well settled that a voluntary guilty plea waives all nonjurisdictional questions. (*Tollett v. Henderson* (1972), 411 U.S. 258, 36 L. Ed. 2d 235, 93 S. Ct. 1602; *People v. Dunn* (1972), 52 Ill. 2d 400, 288 N.E.2d 463; *People v. Stokes* (1974), 21 Ill. App. 3d 754, 316 N.E.2d 127.) In *Tollett*, Mr. Justice Rehnquist, speaking for a majority of the court, reaffirmed the principle stated in prior United States Supreme Court cases, that:

> "* * * [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal

defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea \* \* \*." (*Tollett*, 411 U.S. 258, 267, 36 L. Ed. 2d 235, 243, 93 S. Ct. 1602, 1608.)

In the case at bar the defendant pled guilty on January 29, 1979. On February 28, 1979, he filed a motion to withdraw his guilty plea alleging his plea was not voluntary. On March 7, 1979, defendant filed an amended motion to withdraw his guilty plea contending a conflict of interest existed since one attorney represented both co-defendants. On appeal, the defendant has failed to raise the issue of the voluntariness of the plea, and since the issues which are raised by the defendant are not jurisdictional issues, such issues are deemed waived.

Although the issues of right to counsel and counsel's conflict of interest are deemed waived, we note that substantive consideration of these issues would not alter our determination.

The defendant claims the trial court denied him his right to counsel by allowing one attorney to represent co-defendants, without admonishing the defendant and obtaining his waiver as to potential conflicts of interests claims as to counsel.

With regard to this issue, the parties and this court are in agreement. The Illinois Supreme Court case of *People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649, has heard a similar argument. There, the court, speaking through Mr. Justice Kluczynski, held a defendant must show that an actual conflict of interest existed at trial before he can claim his constitutional rights were violated. The threshold question is whether the court finds an actual conflict of interest manifested by the trial court record. *People v. Vriner* (1978), 74 Ill. 2d 329, 340, 385 N.E.2d 671.

■■ In the case at bar, the defendant was represented by his privately retained counsel. There is no per se violation of the defendant's constitutional right to counsel where the court does not admonish the defendant and obtain a waiver merely because one attorney represents co-defendants. An actual conflict must be shown. Otherwise, no prejudice is presumed.

The defendant further claims an actual conflict of interest existed with regard to the attorney for the co-defendants. The defendant suggests a conflict arose at the time the State offered a six-year sentence to the defendant and probation-four-month work release to co-defendant, Mr. Ruiz. Additionally, defendant claims his attorney recognized his conflict of interest in determining whether the defendants would testify against each other. In this regard defendant points to the statement of their initial

attorney to the prosecutor during plea negotiations, that "Mr. Ruiz was not going to testify against Mr. Canales or vice versa unless they want to get their own attorneys."

■ With regard to the disparagement of jail-time offered for the guilty pleas of the defendants, a complete review of the entire record shows good reasons for such difference, with no conflict apparent. First of all, defendant had previously been convicted of a drug related offense, whereas co-defendant Ruiz had no prior convictions. In addition, the defendant was present during the plea hearing and he did not object to the stipulated facts which indicated he had taken a more active role in the drug transaction than did the co-defendant, Mr. Ruiz. Although it is apparent that the defendant was more culpable than Mr. Ruiz, such a situation does not necessarily constitute a conflict of interest (*People v. Jovicevic* (1978), 63 Ill. App. 3d 106, 379 N.E.2d 665). In *United States v. Mandell* (7th Cir. 1975), 525 F.2d 671, two defendants claimed their defense in favor of the third co-defendant. The court pointed out, however:

> "If we were to find a Sixth Amendment violation on the basis of these defendants' argument, we would, in effect, have to find such a violation in any case where two defendants of unequal culpability are represented by the same counsel. The Sixth Amendment guarantee of Assistance of Counsel commands no such rule." *Mandell*, at 678.

■ Defendant claims a conflict existed when defense counsel conceded defendant was more culpable than his co-defendant. The stipulated facts evidenced this, and the State relied on these facts in charging defendant with a greater offense than his co-defendant. However, the fact that one co-defendant is considered more culpable than another by prosecutors and joint defense counsel does not necessarily constitute a conflict of interest.

Defendant also suggests defense counsel's strategy of having co-defendants refrain from testifying against one another constituted a conflict of interest. Defendant claims he had a right to testify against Mr. Ruiz in exchange for favorable consideration, and this right was thwarted because their initial attorney recognized that to do so, while acting in the best interests of one client, would work to the detriment of the other. The record reveals, however, the State never made such an offer, and in fact no such plan was ever considered by the respective attorneys.

■ While we agree that it is possible that an independent attorney might have pursued precisely such a strategy, it is also possible he would have acted no differently than did their initial attorney. At most, defendant has shown a possible defense strategy that might have been more helpful to him than to his co-defendant, Mr. Ruiz. However, this court and the

744

Illinois Supreme Court have refused to find hostility between the interests of criminal co-defendants based on the mere possibility that one strategy available to defense counsel would have helped one defendant at the expense of another. *People v. Echols* (1978), 74 Ill. 2d 319, 327-28, 385 N.E.2d 644.

Because of the reasons set forth herein, we hold the trial court was not required to admonish the defendant and obtain a waiver inasmuch as he chose to be represented by the same counsel as his co-defendant, and we find the defendant failed to show an actual conflict of interest existed during the plea negotiations. Therefore, the trial court properly denied defendant's motion to withdraw his plea of guilty.

For the above and foregoing reasons, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.