THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRELL KEMPFER, SR., Defendant-Appellant.

Fifth District   No. 5—88—0682

Opinion filed February 8, 1990.

G. Ronald Kesinger, of Jacksonville, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Barbara J. Slingerland, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Terrell Kempfer, Sr., appeals from an order of the circuit court of Jackson County denying his motion to withdraw his plea of guilty and to vacate the judgment. This court affirms.

On August 27, 1987, an information was filed charging defendant and his wife, Julie Kempfer, with unlawful delivery of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 705(d)) and unlawful distribution of a look-alike substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1404(b)). At the preliminary hearing on September 30, 1987, the same public defender for Jackson County represented both defendant and his wife. The circuit court found probable cause on both counts. Eventually, on June 6, 1988, defendant and his wife pleaded guilty to certain charges pursuant to a negotiated plea.

In exchange for their pleas, defendant was sentenced to two consecutive four-year terms of imprisonment and to pay a fine and costs. The State dismissed five other counts against defendant. As a result of the same plea negotiation, defendant's wife pleaded guilty to a charge of unlawful possession of cannabis. The State dropped other charges against her. The court found Julie Kempfer to be 20 years old, to have one child aged nine months, and to be pregnant with another. Pursuant to the plea agreement, Julie Kempfer was sentenced to a two-year period of probation, and the State dismissed the charges against Tonya Clover. Ms. Clover was represented by the same public defender at this hearing.

The circuit court informed defendant of his rights and ascertained the voluntariness of his plea. It determined that defendant could read,

write and understand English, and was not under the care of a psychiatrist or psychologist. The court twice asked defendant whether he had had time to discuss the plea negotiations with his attorney. Defendant stated that he had. In addition, defendant stated that he had discussed the negotiations with his wife and others while in jail. The court informed defendant (1) of the possible penalties, (2) of his right to plead not guilty, (3) by pleading guilty he waived his right to trial by either jury or court, (4) of the presumption of innocence which is lost by a guilty plea, (5) of his right to confront his accusers and cross-examine them, and (6) by pleading guilty, defendant waived his right to call witnesses and present evidence on his own behalf.

The factual basis of the pleas was presented to the trial court. On October 1, 1986, an agent of the Department of Criminal Investigation asked defendant if he had any marijuana. Defendant replied that he had and asked his wife to show some to the agent. A bag was produced. The agent then asked defendant for two ounces. He was given two ounces of marijuana at that time. The agent then asked defendant if he had any speed for sale. Defendant directed his 22-year-old son to retrieve a bottle from an automobile. His son returned with a bottle containing pink-and-white pills with blue spots on them. The pills had the words "357 Magnum" on them. When questioned as to whether they were good speed, defendant replied that they were. The agent purchased five pills and the marijuana. The evidence was tested in the Carbondale crime lab and determined to be 38.0 grams of cannabis and five pills that were basically caffeine. Defendant heard the factual basis read to the court and declined to add to or change the statement.

The court then explained the difference between consecutive and concurrent sentences to defendant. After defendant had read and understood the written plea, he signed it. The circuit court then sentenced defendant.

On July 1, 1988, defendant filed a motion to withdraw his plea of guilty and to vacate judgment. He testified that at the time of his plea he had been incarcerated for four to five days and was under a lot of strain due to concern for his wife and children and what would happen to them if he refused the agreement. He testified that he was afraid that he and his wife would be tried, both might lose, and then the babies would be taken away.

Defendant raises the following issues: (1) whether the circuit court's finding that defendant was not denied effective assistance of counsel as a result of the joint representation of defendant and his wife was manifestly erroneous, and (2) whether defendant's plea was

voluntary after he was advised by his attorney that if he did not accept a negotiated plea arrangement, his pregnant, 20-year-old wife might be imprisoned and his children raised by others, and his 22-year-old son might be prosecuted.

■ Normally, the law is quite clear that a voluntary guilty plea waives all questions other than the voluntary and intelligent character of that plea. (*Tollett v. Henderson* (1973), 411 U.S. 258, 36 L. Ed. 2d 235, 93 S. Ct. 1602.) Once a defendant has admitted in open court that he is in fact guilty, he may not raise claims of constitutional violations that occurred prior to his guilty plea. He may only attack the voluntary character of his plea. (*Tollett*, 411 U.S. at 267, 36 L. Ed. 2d at 243, 93 S. Ct. at 1608.) However, defendant argues that due to a conflict of interest between defendant and wife, his plea was not voluntary, and he did not receive effective assistance of counsel. Although defendant raises two issues, this court finds that the question of conflict of interest goes to the voluntariness of the plea, and we will so address the question.

■ The United States Constitution guarantees effective assistance of counsel in the sixth and fourteenth amendments. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671; *People v. Good* (1979), 68 Ill. App. 3d 333, 338, 385 N.E.2d 911, 915.) The mere representation of codefendants is not a *per se* violation of this constitutional guarantee. Requiring one attorney to represent two codefendants whose interests actually conflict, however, does deny one of them effective assistance of counsel. (*Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457; *Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173.) To prevail in a constitutional claim of ineffective assistance of counsel due to joint representation, a defendant must show actual conflict of interest manifested at trial. (*People v. Berland* (1978), 74 Ill. 2d 286, 299, 385 N.E.2d 649, 655; *People v. Vriner* (1978), 74 Ill. 2d 329, 341, 385 N.E.2d 671, 676; *People v. Good* (1979), 68 Ill. App. 3d 333, 338-39, 385 N.E.2d 911, 915.) Before we reverse a conviction without requiring a showing of prejudice to the defendant, a positive basis must be found for concluding that an actual conflict of interest existed. *Good*, 68 Ill. App. 3d at 339, 385 N.E.2d at 915.

■ Defendant asserts that the conflict was obvious in the disparity of sentences negotiated by counsel. A review of the record, however, discloses good reason for the disparity with no conflict of interest apparent. In the first place, the agent conducted business with defendant. His wife was merely present, while defendant took a more active role. In addition, defendant was present during the plea hear-

ing and did not object to the stipulated facts which indicated he had taken a much more active role than his wife.

■ The mere fact that defendant's wife was younger and pregnant does not demonstrate the type of antagonistic defenses which would lead to ineffective assistance of counsel. The fact that prosecutors and joint defense counsel consider one codefendant more culpable than another does not necessarily constitute a conflict of interest. *People v. Canales* (1980), 86 Ill. App. 3d 738, 743, 408 N.E.2d 299, 303.

■ In *United States v. Mandell* (7th Cir. 1975), 525 F.2d 671, 678, two defendants claimed a defense against a third. According to the Seventh Circuit Court of Appeals, where two defendants of unequal culpability are represented by the same counsel, the sixth amendment guarantee of counsel is not automatically violated.

■ ■ It is possible that an independent attorney may have pursued a strategy different from the one employed by counsel here; it is also possible that he would have acted no differently than defendant's attorney did here. Illinois courts have refused to find hostility between the interests of criminal codefendants based on the mere possibility that a strategy available to defense counsel would have helped one defendant at the expense of another. (*People v. Echols* (1978), 74 Ill. 2d 319, 327-28, 385 N.E.2d 644, 648; *People v. Canales* (1980), 86 Ill. App. 3d 738, 743-44, 408 N.E.2d 299, 303.) Defendant has failed to show counsel's representation fell below an objective standard of reasonableness or there is a reasonable probability that were it not for counsel's professional shortcomings, the result would have been different. *People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1255, citing *Strickland v. Washington* (1984), 466 U.S. 668, 688, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.

■ We do not know if actual conflict would have occurred during the course of trial. Defendant contends that had his attorney argued at trial that his wife was less culpable than he, their defenses would have been antagonistic. We believe that as in *People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649, and *Good*, defendant is trying to establish a conflict where no actual conflict existed.

■ At a hearing on the motion to withdraw the plea, defendant testified that his attorney did not force him to accept the plea offer, but merely explained to him what would happen if he did not. From defendant's testimony it is apparent that he was never explicitly told, but it was "insinuated," that he would lose his babies. In any event, the fact that defendant pleaded guilty out of concern for his family does not constitute improper coercion. Emotional upset and family

pressure do not render a guilty plea involuntary where defendant understood the rights he was waiving after being thoroughly admonished by the trial court. *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50, 55.

As defendant's guilty plea was voluntary, he waived all questions other than the voluntary and intelligent character of the plea. (*Tollett v. Henderson* (1973), 411 U.S. 258, 36 L. Ed. 2d 235, 93 S. Ct. 1602.) In addition, he failed to contend in the circuit court, as he does now on appeal, that he was denied effective assistance of counsel because the same public defender represented Tonya Clover. Any issue not raised by defendant in a motion to withdraw a plea of guilty and vacate the judgment shall be deemed waived. (107 Ill. 2d R. 604(d).) Therefore, this court will not address any question of conflict which may have existed between defendant, his wife and Tonya Clover.

For the foregoing reasons, defendant failed to show an actual conflict of interest existed during the plea negotiations. We therefore find his plea to be voluntary and hereby affirm the judgment of the circuit court of Jackson County.

Affirmed.

HARRISON and RARICK, JJ., concur.